## ST. LOUIS BILLPOSTING COMPANY, Respondent, v. EDWIN L. STANTON, Appellant.

St. Louis Court of Appeals. Argued and Submitted January 14, 1913. Opinion Filed March 1, 1913.

1. **LANDLORD AND TENANT: Termination of Tenancy: Liability of Tenant for Rent.** Where a lessor ousts his lessee from possession of the premises, under the Landlord and Tenant Act, for nonpayment of rent, he thereby terminates the relation of landlord and tenant between himself and the tenant, and loses all right of recovery, as rental, for any portion of the unexpired term subsequent to the ouster.

2. ———: ———: ———. Under the rule that rents, like annuities, are generally not apportionable, a surrender of a tenancy does not discharge rent already due, though payable in advance.

3. ———: ———: ———: **Lease Construed.** A lease provided for
the payment of rent monthly, in advance; that, in default of
payment of any installment for five days, the tenant would
surrender possession, "but for this cause the obligation to pay
shall not cease;" and that the tenant would pay double rent for
every day he or anyone else held over after the expiration of
the lease or its forfeiture for nonpayment. *Held*, that, where
the landlord recovered possession of the premises in a sum-
mary proceeding for the nonpayment of rent, the quoted pro-
vision only obligated the tenant to pay the rent for that month,
which, being payable in advance, had already accrued, and did
not obligate him to pay the rent for subsequent months.

Appeal from St. Louis City Circuit Court.—*Hon.
James E. Withrow,* Judge.

REVERSED.

*Robert & Robert* for appellant.

The summary proceeding before the justice, un-
der the Landlord and Tenant Act, cancelled and an-
nulled the lease, and it was at an end. The defendant
was deprived of the "use and occupation" of the prem-
ises and his obligation to pay rent ceased. Evans v.
Voght, 8 Mo. App. 575; Moores v. Martin, 23 Mo. App.
654; Nagel v. League, 70 Mo. App. 490; Murphy v.
Bldg. Co., 90 Mo. App. 624; Whitney v. Meyer, 1 Duer,
276; Michaels v. Fishel, 169 N. Y. 381; Badwin v.
Thiebadeau, 17 N. Y. Sup. 532; Ash v. Purnell, 11 N.
Y. Sup. 54; Johannes v. Kielgast, 27 Ill. App. 576;
Snell v. Owen, 63 Ill. App. 377; Hinsdale v. White,
6 Hill (N. Y.), 507; Crane v. Hardman, 4 E. D. Smith
(N. Y. C. C. Pl.), 339; 2 Taylor, Landlord & T. (9 Ed.),
p. 356.

*Wm. H. Bleyer* for respondent.

If the lessee, by reason of his failure to pay rent
as provided in the lease, compels the lessor to inter-
fere with his enjoyment of the leased premises, even
to his expulsion, this will not bar the obligation to pay

rent as-agreed, since the surrender of possession is attributable solely to the lessee. The right to recover rent rests upon the contract of the lessee to pay it, and not upon the enjoyment of the possession. Smith v. Thurston, 19 Mo. App. 48; Holmes v. Guion, 44 Mo. 164; Holmes v. Caron, 38 Mo. 551; Rieger v. Brewing Co., 106 Mo. App. 513; Realty Co. v. Brecht, 109 Mo. App. 25; Hanson v. Russell, 75 Mo. App. 110; Tierner v. Eddy, 33 Mo. 547; Lincoln Trust Co. v. Nathan, 175 Mo. 32; Bain v. Clark, 10 Johns. (N. Y.) 424; Hein Brewing Co. v. Flanery, 137 Ill. 309.

REYNOLDS, P. J.—This is an action for the recovery of $166.66 and interest, claimed to be due by defendant to plaintiff for rental of premises in the city of St. Louis for the months of October and November, 1909, under the provisions of a lease entered into between the parties, of date June 8, 1908, for a term of three years from the first day of July, 1908. The lease, among other things, provides that rent is to be paid in advance on the first day of each and every month; that in default of the payment of any monthly installment of rent for five days after the same becomes due, the tenant "will at the request of said St. Louis Billposting Company quit and render to it the peaceable possession thereof; but, for this cause the obligation to pay shall not cease." The lease contains the usual covenants as to use and occupation and obligation to repair any injury or damage done to the premises during the occupancy by the tenant, and that at the end of the term the lessee will surrender to the lessor peaceable possession of the premises with all the keys, etc., in as good condition as when received, usual wear and use and providential destruction or destruction by fire excepted, the lessee engaging to pay the rent above reserved, and double rent for every day he or anyone else in his name shall hold on to the whole or any part of said tenement after the expiration

of the lease or its forfeiture for nonpayment of rent, etc. There are no other covenants having any bearing upon the point in issue. The case was tried by the court, a jury being waived.

The lease having been introduced in evidence, the cause was submitted upon an agreed statement, in which it is set out that the parties, on the 8th of June, 1908, executed the lease, and that defendant entered and took possession of the leased premises on July 1, 1908, and continued to occupy them under the lease as tenant of plaintiff until the 14th day of September, 1909. That on the 9th of September, 1909, plaintiff commenced action before a justice of the peace of the city of St. Louis, to recover possession of the premises and rent from August 1, 1909 to September 30, 1909. It was further agreed that the statement before the justice, after averring that this rental had been demanded from defendant by plaintiff's agent and that payment had not been made, continued: "Plaintiff, therefore, asks judgment for its rent and restitution of its premises and for costs." It was further agreed that summons was duly issued on this demand and served upon defendant, the summons citing defendant to appear before the justice at his office on a day named, "then and there to show cause, if any you have, why the possession of said premises should not be restored to the said landlord or its agent, and judgment for its rent and costs be rendered." It was further agreed that on the return day of the summons, that is to say, the 14th of September, 1909, as shown by the docket of the justice, that defendant had appeared and confessed judgment and had authorized the justice to render judgment in the case in favor of plaintiff and against defendant for the sum of $166.66, for the restitution of the premises occupied by defendant to plaintiff or its agent, describing them, and also for costs, and that judgment was accordingly entered by the justice; that thereafter, that is to say, on the 14th of September,

1909, defendant vacated the premises and delivered the keys thereof to the constable of the justice's court; that thereafter the constable delivered the keys to plaintiff, that defendant paid the court costs in the cause to the constable and on the 15th of September, 1909, paid plaintiff the sum of $166.66, in full for the amount of the judgment rendered in the cause; that no appeal was taken by either party from the judgment of the justice; that thereafter plaintiff demanded of defendant payment of the rent for the leased premises under the lease for the months of October and November, 1909, amounting to $166.66, which defendant refused to pay, and which he never has paid. It further appears that plaintiff derived no rent from the leased premises for the months of October and November although it had advertised the same for rent and made diligent effort in attempting to obtain a tenant therefor, and the premises remained vacant during those two months, but that thereafter the landlord had rented the premises to others.

At the close of plaintiff's case, defendant interposed a demurrer, which was overruled.

Defendant thereupon offered evidence to the effect that during the occupancy of the premises under the lease and sometime in July, 1909, a fire had occurred; that defendant claimed damages for being deprived of the use of the premises while the landlord was making repairs and, on the 4th of September, 1909, defendant had sent the landlord, in a letter and by mail, a check for $97.22, as in full for rental for the months of August and September, 1909, that being the agreed rental for those two months, less $69.44, claimed to be due the tenant for damages and repair work in consequence of the fire loss. On the 9th of September plaintiff returned this check to defendant, saying in the letter of transmittal that the check would not be accepted under the terms of the above-mentioned letter of defendant. On that same day, September 9,

1909, plaintiff commenced its action heretofore referred to before the justice for rent and recovery of possession.

At the conclusion of the trial, the circuit court found in favor of plaintiff and rendered judgment against defendant for rent for the months of October and November, 1909, with interest and costs. Judgment followed, from which defendant, after interposing a motion for new trial, as well as one in arrest and saving exceptions to the action of the court in overruling them, has duly perfected his appeal to this court.

The errors here assigned are to the refusal of the court to give a direction in the nature of a demurrer to the evidence, to the effect that plaintiff could not recover, to the error of the court in finding for and entering judgment for plaintiff, and to error in overruling the motions for new trial and in arrest.

The point made by counsel for appellant and on which the case was argued and is briefed, is that the summary proceedings before the justice under the Landlord and Tenant Act cancelled and annulled and put an end to the lease; that defendant was thereby, by the act of the landlord, dispossessed and deprived of the use and occupation of the premises and his obligation to pay rent consequently ceased.

Maintaining that this is an action on the lease, counsel for respondent cencede that the only question in the case is whether the proceeding before the justice released appellant from his obligation to pay rent for the remaining months of the lease "based upon the provision contained in the lease," which provision we have before quoted.

In the view we take of this case it is not necessary to go into an elaborate analysis of the many authorities cited by the respective parties. We hold that the real, the sole point in issue was settled adversely to the contention of respondent and adversely to the conclu-

sion arrived at by the learned trial court by the decision of this court in Evans et al. v. Voght, 8 Mo. App. 575. As a mere synopsis of the opinion delivered by Judge BAKEWELL in that case has been reported, we set out so much of it as is pertinent to the case now before us. We quote from the original opinion as on file among the records of our court, in Evans et al. v. Voght.

"Plaintiffs devised to defendant, by written lease, a farm in St. Louis County, for the term of five years from 1st March, 1877. The rent reserved for the first year was $675, payable in two equal semi-annual instalments, on 1st September, 1877 and 1st March, 1872. The rent reserved for the remainder of the term, was also payable in semi-annual instalments. Notes were executed for the instalments of rent, made by the lessee to the order of lessors, and secured by deed of trust. There was testimony tending to show that defendant went into possession of a part of the farm in 1876, and of all the premises on 1st March, 1877, and remained in possession till March, 1878. This action is an attachment for the rent of the first year of the term, commenced 15th August, 1877.

.    .    .    .    .    .    .    .    .

"There was evidence tending to show that on 3d September 1877, plaintiffs commenced a suit against defendant under the Landlord and Tenant's Act, and obtained judgment for possession on 20th October, on which no execution was issued. Defendant claims, and asked instructions to the effect, that this action before the justice was a forfeiture of the lease, and that plaintiffs could only recover rent up to the date of that suit. These instructions were properly refused. Such proceedings operate to cancel and annul the relation of landlord and tenant between the parties, and the contract for the use of the premises, from the time of the removal of the tenant from the demised premises under the writ, and not from the time of com-

mencing proceedings. [Whitney v. Meyers, 1 Duer, 266.]"

An examination of the transcript of the record in that case shows that the statement of Judge BAKEWELL, that "no execution was issued," is a slip of the pen. It does appear by the transcript that an execution and writ of restitution upon the judgment, commanding the constable to put plaintiffs into the immediate possession of the premises was issued, and that acting under the writ the constable put defendant out of possession and turned over possession to plaintiffs.

The rule here announced is supported by many authorities; indeed, it can be said to be elementary. [See Bain v. Clark, 10 Johnson, 422, 1. c. 426, citing Shep. Touch. 299, 300; this case followed and approved by Chancellor KENT in Shepard v. Merrill, 2 Johnson Ch. Rep. 276, 1. c. 280; see also Giles v. Comstock, 4 N. Y. 270, 1. c. 275, as well as Whitney v. Meyers, supra.] The eviction—turning the tenant out of possession of all of the demised premises by the landlord under judicial process ended the lease, and ordinarily the right to rental. [2 McAdam, Landlord & Tenant (4 Ed.), chap. 39, particularly page 1376.]

Says a time-honored text-writer on the subject of Landlord and Tenant, "Rent being an equivalent for an interest enjoyed, a covenant for its payment cannot be enforced if no estate passed under the lease and the tenant has not occupied the premises; since there is no legal consideration for the engagement." [1 Taylor, Landlord & Tenant (9 Ed.), sec. 384.] Says the same author: "Where the lessee has been once evicted, the rent will be suspended for the future, although the obstacle to his re-entry may have been removed." [1 Taylor, supra, sec. 388.]

Necessarily the argument of counsel for respondent proceeds upon the theory that this case is taken out of the general rule that rent falls with the lease, by reason of the presence in this lease of the words "but,

for this cause, the obligation to pay shall not cease."
We have quoted in full that part of the lease in which
this clause occurs. Considering this clause, in con-
nection with the other provisions of the lease, in so far
as they relate to rental, we do not think that it refers
to payment of rental for the whole term of the lease.
The rental was payable in advance on the first day of
each month of the term. When the first day of the
month arrived, the right of the landlord to the rental
for the whole of that month was fixed. The landlord,
*ex gratia,* gave the tenant five days in the first of
each month in which to pay the rental due for that
month. With that provision in mind we think that the
intention of the parties, gathered from the lease it-
self, was to prevent a loss of any part of that month's
rent; that the landlord, granting the five days of the
month before "requesting the tenant to quit and ren-
der to him peaceable possession of the premises,"
should not lose his rental for the month. That, we hold,
is all that this clause means. It is true that this would
be so even in the absence of such a clause. Thus it is
said that "A surrender does not discharge rent al-
ready due, though payable in advance. It relates to
the future, not to the past. [2 McAdam, Landlord &
Tenant (4 Ed.), p. 1354; also pp. 1361, 1435.] This is
on the rule that rents, like annuities, are generally
not apportionable.

The construction contended for by counsel for re-
spondent upon this clause would extend the obligation
to pay rent over the whole of the remainder of the
term specified in the lease, even after the lessee had
been evicted from the whole of the premises by the
landlord. We are not holding or determining that a
covenant could not be inserted in a lease that would
render the tenant liable for rental for the whole of
the term, whether he remained in possession or not.
That question is not before us. There are cases in
which it is held that "the surrender of a lease, though

with an agreement that the lessee should remain liable for the rent, and that the landlord might take all lawful measures for its collection, terminates the relation of landlord and tenant; but not to the extent of preventing a recovery under the agreement." [2 McAdam, Landlord & Tenant (4 Ed.), p. 1343.] But the general rule is, that "the resumption of possession by a lessor operates as a surrender of the lease and puts an end to the liability of the lessee for future rents, unless otherwise plainly provided." [McAdam, supra, p. 1348. See also Lamson Consol. Store Service Co. v. Bowland, 114 Fed. 639, l. c. 641 (a decision of the United States Circuit Court of Appeals for the sixth circuit, written by Judge Lurton).; Weeks v. International Trust Co., 125 Fed. Rep. 370, l. c. 375 (a decision of the United States Circuit Court of Appeals for the first circuit, the opinion written by Judge Lowell) ; Watson v. Merrill, 136 Fed. Rep. 359 (a decision of the United States Circuit Court of Appeals for the eighth circuit, the opinion written by Judge Sanborn).]

We find no clear expression, in this clause of the lease, relied upon by counsel for respondent and by the learned trial court, which warrants the recovery of rental for any month after that for which a recovery was had in the action before the justice of the peace, and in which action this defendant, the tenant, was evicted from the whole of the premises, and possession awarded the landlord. On the contrary, we find it expressly provided in and by the lease, that the lessee engages "to pay the rent above reserved and double rent for every day he or anyone else in his name shall hold on to the whole or any part of said tenement after . . . . its forfeiture for nonpayment of rent, etc." This clause follows the one relied upon by counsel for respondent, namely, "but for this cause

the obligation to pay shall not cease." Assuming that it means "to pay rent," it is a clear indication that rental ended with the lease, whether at the expiry of the term, or by eviction. So that it is inconsistent with any idea that after eviction rental was to be paid, save such as had fallen due on or within the month in which the eviction had occurred.

To avoid any misconstruction of the point here in decision, we reiterate that the landlord, having ousted the tenant from possession by proceedings under the Landlord and Tenant Act, had absolutely and completely put an end to the relation of landlord and tenant between itself and defendant, and had thereby lost all right to the recovery, as rental, of any sum whatsoever from defendant for the following months. This must be true, for could it possibly be contended that after he had been dispossessed, the tenant, on paying the accrued rent, could re-enter and could have justified under this lease? Surely not.

Counsel for the respective parties have fully briefed the authorities in support of their respective positions; those authorities will undoubtedly appear in the report of the case and we will not undertake to analyze them in detail.

It follows from what we have said that plaintiff cannot recover in this action and the finding and judgment of the circuit court cannot stand. That judgment is reversed. *Nortoni* and *Allen, JJ.,* concur.