186

Bryan, Cosby, Suhr & Bering, of Houston, for appellant.

King, Wood & Morrow and H. E. Cox, all of Houston, for appellees Security Union Ins. Co. and Wright Morrow.

PLEASANTS, C. J.

This is a suit by appellant against the appellees Christie & Hobby, Inc., Security Union Insurance Company, and Wright Morrow, receiver of said company, to recover upon a lease contract executed by appellant and Christie & Hobby, Inc., on January 3, 1927, by which he leased to the named corporation for a term of ninety-nine years business property in the city of Houston, described in the petition.

## WALLING v. CHRISTIE & HOBBY, Inc., et al.

### No. 9759.

Court of Civil Appeals of Texas. Galveston.

Oct. 20, 1932.

The petition alleges: That by the terms of the lease contract Christie & Hobby, Inc., obligated and bound itself to pay to plaintiff "during the first five years of the term of said lease, a net fixed rental of $200.00 per month, and for the remaining ninety-four years of the term of said lease a net fixed rental of $250.00 per month, said rental being payable to the plaintiff on the third day of each calendar month. * * * That said lease provides further that all past due rents shall bear interest from the time it becomes due until paid at the rate of eight per cent per annum, and that if default be made in the payment of any rents, or any other money which under the terms of said lease contract said Christie & Hobby, Inc., is obligated to pay to the plaintiff, and it should become necessary for plaintiff to employ an attorney to collect the same, the defendant obligated and bound itself to pay to the plaintiff reasonable attorney's fees. That the defendant, Christie & Hobby, Inc., further obligated and bound itself, directly and impliedly, to erect and construct, or cause to be erected or constructed upon the prem-

ises hereinabove described, improvements costing not less than $10,000.00.

"That said lease obligated the defendant, Christie & Hobby, Inc., to furnish to the plaintiff a surety bond for not less than $10,-000.00 written by a bonding or surety company duly licensed to do business in the State of Texas, or in lieu of such bond, it obligated and bound itself to place with the plaintiff collateral security. Such bond or collateral security was to be at all times satisfactory to the plaintiff. That the defendant, Christie & Hobby, Inc., pursuant to said lease contract, did furnish and deliver to the plaintiff its said surety bond for the sum of $10,000.00 guaranteeing the payment of the rents and the construction of said improvements on said land, such bond to be in effect only until the said improvements are constructed. In said bond the defendant Security Union Insurance Company, joined with said defendant Christie & Hobby, Inc., and acknowledged that it and Christie & Hobby, Inc., were to be jointly and severally bound for the carrying out of said undertaking and agreement as contained in the lease contract hereinabove set forth.

"That at the time said contract was executed and said bond was furnished to the plaintiff, the Security Union Insurance Company was duly licensed to do business in the State of Texas. Since then, the license of said Security Union Insurance Company has been revoked by the State of Texas, and the defendant, Wright Morrow, has been appointed Receiver of said Security Union Insurance Company."

It is then alleged that Christie & Hobby, Inc., failed to pay the monthly rental which became due on July 3, 1930, and each of said monthly rentals which accrued and became due upon each succeeding month thereafter up to the time of the filing of this suit, and has also failed and refused to pay the state, county, and city taxes for the year 1930, and has failed to construct the improvements upon the property as provided in its lease contract; that more than a reasonable time for the construction of these improvements has elapsed, and Christie & Hobby, Inc., notwithstanding its obligation to construct said improvements within a reasonable time, has failed so to do, and failed to furnish any satisfactory bond or other security for such obligation on its part, as provided in its lease contract, since the bankruptcy of the maker of the original bond furnished by it under its contract of lease.

The petition further alleges: "Plaintiff avers that by reason of the breach by the defendants of the various and sundry provisions, conditions and covenants in said lease contract, and particularly by reason of the breach of the conditions and covenants in said lease contract as hereinabove expressly alleged, this plaintiff has heretofore elected and does now elect to declare said lease contract cancelled and to repossess the leased premises, and in this connection the plaintiff has heretofore served on the defendants, and each of them, written notice to so cancel said lease. * * * One of said written notices was given to the defendants on or about December 30, 1930, and another of said notices was given to the defendants on or about April 16, 1931."

It is further alleged, in substance, that the reasonable market value of the unexpired term of the lease, approximately 95 years, is $100 per month, and that plaintiff is entitled to recover the past due rentals up to the date of the cancellation of the lease, the taxes paid by him for the year 1930, with 8 per cent. interest thereon, and the difference between the present market value of the unexpired term of the lease and the present value of the rentals agreed to be paid therefor by the lessee, together with reasonable attorney's fees, alleged to be $5,000. The prayer of the petition is for judgment against the defendants for each and all of these items of damages, for costs, and general and special relief both legal and equitable.

The defendant Christie & Hobby, Inc., answered by general demurrer and general denial, and by special plea of failure of consideration of the contract for the erection of improvements upon the leased premises.

The defendants Security Union Insurance Company, and its receiver, Wright Morrow, answered by general demurrer, general denial, and specially pleaded that the plaintiff having, as alleged in his petition, elected to cancel and rescind the contract of lease upon which he now sued, and in fact canceled and rescinded the contract and repossessed himself of the leased premises, have thereby waived any and all claims for damages accruing after the date of such cancellation.

■■ The case was tried in the court without a jury and judgment was rendered in favor of plaintiff for the sum of $1,373, the amount of rents due under the contract at the time of its rescission and the repossession of the premises by plaintiff, and the further sum of $313.50 unpaid taxes, with interest upon each of these amounts at the rate of 8 per cent. per annum.

At the request of appellant the trial court filed conclusions which contain the following findings:

"That on the 30th day of December, 1930, and the 16th day of April, 1930, R. B. Walling served notice upon Christie & Hobby, Inc., that he had elected to rescind and cancel the lease contract and to repossess the leased premises; that on the 29th day of January, 1931, the said R. B. Walling did cancel and rescind the lease contract; that on the 29th day of January, 1931, the said R. B. Walling did repossess the said leased premises and has been in possession thereof ever since said

date; that prior to and at the time of the rescission of the lease contract and repossession of the leased premises by R. B. Walling, he gave notice to Christie & Hobby, Inc., to quit and surrender the leased premises to him, and such leased premises' were so surrendered to him by Christie & Hobby, Inc., in accordance with his notice and demand; that the rents which had accrued under the lease contract and which were past due and unpaid at the time of the repossession of the leased premises by R. B. Walling amounted to $1,373.00; that the taxes for 1930, which were past due and unpaid by the said Christie & Hobby, Inc., amounted to the sum of $313.50 at the time of the repossession of the premises by R. B. Walling."

Appellant makes no complaint of these fact findings.

In this state of the record it is deemed unnecessary to discuss the several assignments and propositions presented in appellant's brief, since upon the pleadings and the undisputed facts no judgment against the appellees for any greater amount than that awarded the plaintiff by the trial court could have been properly rendered.

The rule of law and logic which we deem conclusive of this appeal, is thus stated in 10 Texas Jurisprudence, p. 386: "Though the obligations of the contract are mutual and dependent, the failure of one party to perform does not put an end to the contract so as to make it void, but merely gives the other party the right to rescind or to waive the default and continue the contract in force. When the right to rescind for a breach exists, the innocent party is put to an election at the time of the breach as between rescission and affirmance. He must either rescind the contract as a whole or treat it as binding and sue for damages; he cannot do both, nor, as a rule, can he affirm the contract in part; and he is bound by his election when once made."

This rule is also stated in similar language in 35 Corpus Juris, p. 1077, and in 16 Ruling Case Law, p. 1137, and has been uniformly followed, so far as we have been able to ascertain, by all of our Appellate and Supreme Courts, both state and federal. This general rule, however, is not applicable in a case in which the lease expressly stipulates that reentry by the lessor will not affect the obligations of the lessee for the unexpired term of the lease, and appellant contends that the lease contract in this case expressly so provides. The provision of the contract relied on to support this contention is as follows:

"It is mutually covenanted and agreed that the various rights, powers, options, elections, appointments and remedies of the lessor contained in this lease shall be construed as cumulative and no one of them as exclusive of the other, or exclusive of any rights or rents allowed by law."

We do not think this provision of the lease can be construed as expressly giving appellant the right to cancel the lease, repossess the premises, and still hold the lease valid and binding upon appellees for all of its unexpired term and future obligations. We agree with appellees that the reasonable construction of this provision of the lease, applicable to the question here involved, which gives appellant, in event of default by the lessee, the right to rescind and cancel the contract and repossess the premises, is not exclusive of the other rights given him by the lease contract until such right of cancellation is exercised. The lessor, in event of default in the payment of rents due him or of the payment of taxes by the lessee, could either rescind and cancel the lease contract and sue for recovery of the amounts due him at the time of the cancellation, or could treat the lease as a continuing obligation and sue for rents due and for such future amounts as might accrue thereunder against the lessee; but, in the absence of a clearly expressed agreement to that effect, he cannot take from the appellee all the possible benefits of a continuing lease and demand of him a fulfillment of all its future obligations.

To give this lease the construction contended for by appellant is to construe it most strongly in favor of the lessor, when the settled rule of construction is just the reverse. 16 R. C. L. 699; Miller Bros. Grocery Co. v. O'Leary (C. C. A.) 219 F. 851, L. R. A. 1916B, 1099, page 1101, Ann. Cas. 1916A, 946; St. Louis Billposting Co. v. Stanton, 172 Mo. App. 40, 154 S. W. 821; Producers' Packing Co. v. Fischer, 221 Mo. App. 639, 283 S. W. 747.

While the question may not be wholly free from doubt, we cannot bring ourselves to believe that the trial court erred in not giving the lease contract the harsh construction placed upon it by appellant, which, without any clearly expressed language evidencing such intention of the parties, would give the appellant the right to a remedy inconsistent with the one elected to be pursued by him.

For the reasons stated we think the judgment should be affirmed, and it is so ordered.

Affirmed.