ABE BLOND and LOUIS BLOND, Appellants, v. B. L. HOFFMAN and UNITED STATES FIDELITY & GUARANTY COMPANY, a Corporation.— 121 S. W. (2d) 137.

Court en Banc, November 16, 1938.

*I. J. Ringolsky, Wm. G. Boatright, Harry L. Jacobs* and *Ringolsky, Boatright & Jacobs* for appellants.

*Harris & Koontz* for respondents.

PER CURIAM: This is the second appeal in this case. On the first appeal a judgment in plaintiffs' favor in the sum of $10,000 was reversed and the cause remanded. On a second trial plaintiffs obtained a judgment in the sum of $1843.61, and plaintiffs appealed.

Plaintiffs sued respondent; United States Fidelity & Guaranty Company, on a surety bond. The principal in the bond, B. L. Hoffman, was made a defendant, but because he had been discharged in bankruptcy the judgment was stayed as against him. For a full detailed statement of the facts see the opinion on the former appeal reported in 336 Mo. 684, 80 S. W. (2d) 675, 99 A. L. R. 36. A short statement will suffice for an understanding of the issues on this appeal. B. L. Hoffman leased a vacant lot from plaintiffs for a term of ninety-nine years. He agreed to pay the taxes, a stipulated sum as rental, and also agreed to erect a building upon the lot at a cost of not less than $30,000. The building was to be constructed within five years. Another proviso, however, required the building to be completed within one year after the commencement of construction. Hoffman defaulted in the payment of rent and taxes. On March 7, 1929, Hoffman was notified, by plaintiffs, that the contract had been breached. A part of this letter read as follows:

". . . the breaches of said lease now existing being your default and failure to pay rent for the quarterly periods beginning October 1, 1928, and January 1, 1929, respectively, as provided in said lease, and your failure and neglect to pay city, county and state taxes assessed against and now past due on the aforesaid real estate for the year 1928.

"That if the said breaches of said lease continue for a period of sixty (60) days from the date of receipt by you of this notice, the undersigned intend to and will at the expiration of said sixty day period, declare the said lease and the supplemental agreement dated January 15, 1927, made by and between yourself and the undersigned affecting the aforedescribed property, forfeited and ended, and that

the undersigned intend to and will thereupon re-enter the said described premises and take possession of the same pursuant to the terms and conditions of said lease and agreement.

"Yours truly,
"Abe Blond.
"Louis Blond."

On May 11, 1929, Hoffman was notified that the lease had been forfeited. The letter of notification concluded as follows:

"Pursuant to the provisions of said lease you are therefore hereby notified that the said lease is declared forfeited and terminated and said lease is void and that the absolute ownership of said demised premises and of all buildings and improvements thereon is now vested in us, and that we shall enter upon and take possession of same immediately.

"Yours truly,
"Abe Blond
"Louis Blond."

Plaintiffs then took complete possession of the premises and placed "for sale" and "for rent" signs thereon. This occurred at a time when, under the terms of the contract, Hoffman still had fourteen months in which to erect a building. No provision of the contract with reference to the erection of a building had been breached at the time defendants forfeited the lease. Th contract and bond sued on provided in substance that in case of a failure on Hoffman's part to comply with the terms of the contract with reference to the construction of the building, then, because of the difficulty to compute the damages, it was understood that plaintiffs should be paid $10,000, which was agreed to be liquidated damages.

We held in the former opinion that a forfeiture of a lease by the lessor, and his taking possession of the leased premises without any reservation in favor of the lessee, terminated absolutely the relation of lessor and lessee and discharged all the obligations of the lessee, not breached, which were to be performed after the date of taking possession. The forfeiture of the lease in question and the taking of possession by plaintiffs rendered it impossible for Hoffman or his surety to erect a building as agreed. Plaintiffs said in their letter that the lease was void and that the absolute ownership of the premises and improvements thereon were vested in them. At the first trial plaintiffs were given a judgment on the theory that they had been damaged by the failure of defendants to erect a building as agreed. This item of damages was refused by the trial court on the second trial, but a judgment was entered in plaintiffs' favor for the rent and taxes due at the time the lease was forfeited. This was in accordance with the opinion in the case on the former appeal. At the second trial plaintiffs introduced evidence tending to prove that Hoffman, by his conduct, had indicated that he had abandoned the

lease. No such evidence was introduced at the first trial. This, plaintiffs insist, changed the situation and entitled them to a judgment for the full amount of the bond. We do not think so. Plaintiffs took affirmative action in declaring the lease forfeited. They took absolute possession of the property and notified Hoffman that he had no rights on the premises. Plaintiffs took their choice of ending the relationship of lessor and lessee. Such action, whether considered as an acceptance or an abandonment of the lease by the lessee, or an absolute forfeiture by the lessor, accompanied with taking of possession, discharged Hoffman and his surety from covenants which were not breached and which were to be performed in the future. In 36 Corpus Juris 337, section 1144, we read:

"The surrender of the leased premises by the tenant extinguishes the relation of landlord and tenant, and ordinarily releases the tenant from liability for rent accruing thereafter."

Again in 36 Corpus Juris 338, section 1146, we find the following:

"In order that the attempted surrender shall release the tenant from further payment of rent, it must be accepted by the landlord. Where, however, there has been such an acceptance, the surrender becomes complete and the tenant, in the absence of an agreement to the contrary, is discharged from liability for subsequently accruing rent." [See also Ehlert v. Woods (Idaho), 63 Pac. (2d) 1000; Sjoberg v. Hartz (Minn.); 271 N. W. 329; Von Schleinitz v. North Hotel Co., 323 Mo. 1110, 23 S. W. (2d) 64, 1. c. 74-78 (1, 2) and authorities there cited; St. Louis Billposting Co. v. Stanton, 172 Mo. App. 40, 154 S. W. 821.]

In the Von Schleinitz case the tenant abandoned the leased premises. The landlord entered into possession and leased the property to a third party. This court held that the lessor had accepted the abandonment and thereby terminated the lease. This court also held that future rents could not be collected unless the lessor had notified the lessee that he was taking possession for the lessee's benefit.

Other questions were fully considered on the former appeal and were decided adversely to plaintiffs' contention. They need not be reconsidered. The judgment is affirmed. All concur, except *Leedy, J.,* who dissents, and *Lucas, J.,* not sitting.