HAROLD J. ABRAMS, Trustee for Creditors of TYGARD-WEIST, INC., Respondent, v. ST. LOUIS COUNTY LIBRARY DISTRICT BOARD, a Corporation, Defendant, SAM BROWN & SONS REALTY & CONSTRUCTION COMPANY, a Corporation, Appellant, No. 43271—258 S. W. (2d) 672.

Division Two, June 8, 1953.

*Rassieur & Rassieur, J. J. Thyson, Kerth & Schreiber* and *Alfred H. Kerth* for appellant.

*Stanley M. Rosenblum* and *Selden Blumenfeld* for respondent.

WESTHUES, C.—Plaintiff Harold J. Abrams filed this suit as trustee to recover $11,566.67, the balance of a $20,000 deposit, held by the defendant Sam Brown and Sons Realty and Construction Company, a corporation, under a rental contract with Tygard-Weist, Inc. This company became insolvent and made an assignment for the benefit of creditors. Plaintiff was appointed trustee. Plaintiff claimed the balance of the $20,000 deposit belonged to the creditors of Tygard-Weist; the defendant Brown Company claimed the sum as liquidated damages for the breach by ·Tygard-Weist of the rental

contract. A trial was had before the court without a jury and the court entered a judgment for the trustee in the sum of $11,566.67 plus interest. The defendant Sam Brown Company appealed.

The St. Louis County Library District Board, a corporation, was made a defendant. This corporation purchased the building involved in the rental contract. The case was dismissed as to this defendant and, therefore, it is no longer interested in the case.

The events which gave rise to this lawsuit may be stated as follows: In 1948, Superior Motor Sales, Inc., was engaged in the motor sales and garage business. It desired a new location and contacted the defendant Sam Brown Company. This company purchased vacant property at 6814 Natural Bridge Road, St. Louis County, and erected a building thereon to suit the business needs of Superior Motor Sales, Inc. Later, the Superior Motor Company changed its name to Tygard-Weist, Inc. This company will be referred to as the lessee and the Brown company as the lessor. The lessee took possession of the premises under a lease dated August 5, 1948. It was a ten-year lease beginning January 1, 1949, and ending December 31, 1958. The rental was $1,375 per month, payable on the first of each month in advance. The building was not occupied by the lessee until August, 1949, at which time the rental payments were commenced. Lessee met with financial difficulties and beginning with October, 1949, failed to pay rent. On January 16, 1950, the lessee made an assignment for the benefit of creditors. Plaintiff Abrams was appointed trustee. On January 20, 1950, the trustee entered into an agreement with the lessor that for a period of forty-five days, beginning January 20, the lessor had the right to advertise the property for rent and the right to enter the premises and to show them to prospective tenants. It was agreed that the lessor waived none of its rights under the lease. It was further stipulated in this agreement that the rent during this time should be charged against the $20,000 which the lessee had deposited with the lessor. It was also agreed that the trustee, by this agreement, waived no rights under the lease as to this $20,000 deposit. During the next few weeks a number of offers were received which ranged from $750 to $800 per month as rental for the building. These were refused because they were considered inadequate. About February 21, 1950, lessor entered into a contract with the St. Louis County Library District Board for the sale of the property. On February 13, 1950, lessor notified the trustee that a bona fide offer for the sale of the property had been received in the amount of $137,500. The trustee was given until February 20 to indicate whether under the terms of the lease the trustee would reject the option to purchase. The trustee inquired as to the name of the prospective purchaser but the lessor did not divulge this information. In the sales contract the lessor agreed to deliver "unrestricted legal and physical possession" to the

Library Board. The sales contract also provided that if such possession could not be delivered the sales contract would be void. It was also agreed that the lessor would convey title to the Library Board subject to certain restrictions and easements but not subject to the lease now in question. In fact, the contract contained a provision that the lessor would hold the Library Board harmless against any claim made by the lessee under the present lease. On February 27, the trustee notified the Library Board, in substance, that he had learned through the daily papers that the Board had purchased the property and that the lease was still in force. Negotiations were instituted by the trustee to recover the balance of the $20,000 after allowing the lessor the rent in full. The lessor claimed the sum as liquidated damages and refused the trustee's request. This suit followed.

The provisions of the lease which in our opinion have a bearing on the question of whether the trustee or the lessor is entitled to the balance of the $20,000 are as follows:

"4. It is hereby understood and agreed that the sum of $24,750.00 to be deposited with Lessor in three payments as outlined above shall be considered as security for the payment of rent reserved by this lease, and also, as security for the performance by the Lessee of the covenants, conditions, and agreements of this lease; and also, for any damage which the Lessor may sustain by reason of any act of the Lessee. The Lessee agrees that if it vacates or surrenders the premises or if it violates any of the terms and conditions of this lease then in that event, the $24,750.00 deposited as security shall be retained by the Lessors as liquidated and stipulated damages. In the event of a sale of the demised premises Lessor is to turn over said deposited security money to the new owners, who shall be bound by all the terms and conditions of this lease." (It was agreed that the lessee under the above provision deposited only $20,000 with the lessor.)

"8. Lessor agrees to give first refusal right to purchase premises in the event that he either decided to sell premises or receives a bonafide offer of sale for the said premises."

The provisions governing the rights of the parties in case of a breach of the lease resulting in a forfeiture read as follows:

"But it is hereby understood, and Lessee hereby covenants with the Lessor, that such forfeiture, annullment or voidance shall not relieve the Lessee from the obligation of the Lessee to make the monthly payments of rent hereinbefore reserved, at the times and in the manner aforesaid; and in case of any such default of the Lessee, the Lessor may re-let the said premises as the agent for and in the name of the Lessee, at any rental readily obtainable, applying the proceeds and avails thereof, first, to the payment of such expense as the Lessor may be put to in re-entering, and then to the payment

of said rent as the same may from time to time become due, and toward the fulfillment of the other covenants and agreements of the Lessee herein contained, and the balance, if any, shall be paid to the Lessee; and the Lessee hereby covenants and agrees that if the Lessor shall recover or take possession of said premises as aforesaid, and be unable to re-let and rent the same so as to realize a sum equal to the rent hereby reserved, the Lessee shall and will pay to the Lessor any and all loss of difference of rent for the residue of the term. The Lessee hereby gives to the Lessor the right to place and maintain its usual 'for rent' signs upon the demised premises, in the place that the same are usually displayed on property similar to that herein demised, for the last thirty days of this lease.''

The trial court filed a memorandum in support of the judgment for the trustee which reads in part as follows:

''Although not requested by either of the parties, the Court is submitting this memorandum ▉▉▉ as explanatory of the applicable law of the case. The facts are not in dispute, and, therefore, will not be reviewed but only referred to as particular facts become pertinent.

''First, it seems clear that under the evidence and law in this case that the $20,000 deposited by the lessee with the lessor was not deposited as liquidated and stipulated damages, but as a penalty. In view of the fact that a breach of any covenant in the lease, no matter how great or how trivial, would result in the forfeiture of the entire $20,000, and the clear provision of the lease that the lessor may retain the deposit as damages while holding the lessee to liability for loss of rental to the end of the term, it is inescapable that the provision is for a penalty rather than liquidated damages. *Seidlitz v. Auerbach,* 230 N.Y. 167, 129 N.E. 461, approved in *Jennings v. First National Bank of Kansas City,* 30 S.W. (2d) 1049.

''Secondly, the Court's understanding of the applicable case law is that the lessor's notice of termination dated April 4, 1950, and the lessee's relinquishment of the keys by virtue of such demand confines lessor's damages to those accruing as of April 4, 1950, and renders the doctrine of anticipatory breach inapplicable. The lessor's notice nowhere specified that the lessor was taking possession as agent for the lessee and the lessor sought absolute possession. *Floro Realty & Investment Co. v. Steem Electric Corp.,* 128 F. (2d) 338; *Von Schleinitz v. North Hotel Co.,* 323 Mo. 1110, 23 S.W. (2d) 64. The lessor lost the right to invoke the doctrine of anticipatory breach by its declaring a forfeiture and taking its property back without notice to the lessee that it recognized any remaining right or interest in the lessee. *Reade v. Brooks,* 174 F. (2d) 624; *Hawkinson v. Johnston,* 122 F. (2d) 724.''

▉▉ The conclusion of the court that the provisions of the lease, especially those contained in clause 4, supra, rendered the $20,000 stipulated as damages for *any* breach of the lease a penalty rather

than liquidated damages is supported by good authority. Even the cases cited by the lessor support the court's finding. Note that in Buchanan v. Louisiana Purchase Exposition Co., 245 Mo. 337, 149 S.W. 26, l.c. 29, cited by appellant-lessor, this court held that "if the amount stipulated is greatly disproportionate to the loss following a breach of the contract, the court will construe it to be a penalty, and restrict the recovery to such damages as were actually suffered." The same ruling will be found in the other cases cited by lessor, Jennings v. First National Bank of Kansas City, 225 Mo. App. 232, 30 S.W. (2d) 1049, l.c. 1053 (14-15).

█ It will also be noted that the lessor contracted to sell the building free and clear of any of the provisions of the lease. The lease contained no provision authorizing the lessor to sell the building under such terms. The lease did provide that in case of sale the purchaser should be substituted to all the rights and obligations of the lease and the $20,000 should be turned over to the new owner. The lease further provided that in case the lessee should breach the terms of the lease "the Lessor may re-let the said premises as the agent for and in the name of the Lessee, at any rental readily obtainable, applying the proceeds" to the expenses therefor and to the rent due the lessor, and the balance, if any, was to be paid to the lessee. It will be noted that the contract of sale was made during the 45-day period in which the lessor was to find a renter, the lessor having agreed that during such time the rent was to be taken from the $20,000 on deposit.

The lessor by taking absolute possession of and selling the premises free from any of the obligations or terms of the lease terminated the lease and released the lessee from any obligations due under the lease after the date of the sale. The trial court properly limited the damages of the lessor to those accruing before the sale of the premises. In addition to the authorities cited in the memorandum of the trial court, supra, see 51 C.J.S. 660, Sec. 93; Blond v. United States Fidelity and Guaranty Co., 336 Mo. 684, 80 S.W. (2d) 675, 99 A.L.R. 36; Blond v. Hoffman, 343 Mo. 247, 121 S.W. (2d) 137; █ Reade v. Brooks, 174 F. (2d) 624, l.c. 628 (1).

The trial court in its memorandum made some pertinent remarks on the question of damages claimed by the lessor. The court observed that if the trustee (on behalf of the lessee) had "accepted the offer (of sale of the premises at $137,500) certainly the only thing for which lessee could have been held would have been the rent that was due to the date of the sale."

We hold the trial court's judgment was for the right party and, therefore, the judgment is hereby affirmed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.