WEA CRESTWOOD PLAZA,
L.L.C., Appellant,

v.

FLAMERS CHARBURGERS,
INC., Respondent.

No. ED 76311.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 11, 2000.

Clyde C. Farris, Jr., Stephen C. Hiotis, Copeland, Thompson & Farris, P.C., Clayton, for appellant.

Jason E. Maschmann, Bryan Cave LLP, St. Louis, for respondent.

RICHARD B. TEITELMAN, Presiding Judge.

Appellant WEA Crestwood Plaza, L.L.C. commenced an action against Respondent Flamers Charburgers, Inc. for breach of contract, seeking rental charges under a commercial lease between the parties involving demised premises located in St. Louis County. Appellant now appeals from a judgment granting Respondent's Motion to Dismiss. We reverse and remand.

## BACKGROUND

Plaintiff–Appellant WEA Crestwood Plaza ("Landlord") entered into a ten (10) year lease of commercial property dated November 6, 1990, with Defendant–Respondent Flamers Charburgers, Inc. ("Tenant"). The minimum rent specified in the lease was $3,125.00 per month, plus additional rental charges for common area maintenance, real estate taxes, marketing fund and sewer.

Section 20.01 of the lease provided, in pertinent part, that if Tenant were to default on the lease, Landlord would have, in addition to any other rights or remedies provided by law or equity:

the immediate right to (i) terminate this lease (in which case the term of this

lease shall automatically terminate on the giving of such notice) or (ii) terminate Tenant's right to possession of the Leased Premises *without termination of this lease.* Notwithstanding any termination of Tenant's right to possession of the Leased Premises without termination of this lease, [Landlord] may at any time after such termination of possession elect to terminate this lease for such previous breach by giving notice thereof to Tenant. (emphasis in original)

In December of 1998, after Tenant's subtenant fell behind in the rent, Landlord filed a rent and possession action pursuant to Chapter 535 et seq. RSMo[1], against Tenant and the subtenant seeking to recover all back rent due under the lease as well as possession of the premises (the "First Suit").

On January 21, 1999, the parties negotiated and agreed to, and the trial court entered, a Confession of Judgment in favor of Landlord and against Tenant and the subtenant in the First Suit. In the Confession of Judgment, Tenant and the subtenant confessed to entry of judgment on Landlord's petition for all amounts due through the date of judgment, and entry of judgment in the amount of $17,025.00 along with immediate restitution of the premises. Landlord received the entire sum of money agreed to in the judgment on that date, along with immediate possession of the premises.

On February 26, 1999, Landlord again filed suit (the "Second Suit") in St. Louis County Circuit Court against Tenant, alleging that Tenant breached the lease by failing to pay minimum rent and additional rent charges due through February 26, 1999 in the total amount of $5,753.14. The petition also sought interest and Landlord's attorney's fees as permitted in the lease. Landlord prayed for judgment against Tenant for $5,753.14, plus all rental charges due at the time of judgment with interest and attorney's fees. There is no dispute that the First Suit and Second Suit involve the same Lease between Landlord and Tenant, dated November 6, 1990.

Tenant filed a motion to dismiss, asserting in substance: (1) that the petition in the Second Suit failed to state a claim upon which relief can be granted because under Missouri law the judgment in the prior rent and possession action (First Suit) terminated the lease and discharged the parties' remaining obligations thereunder; and (2) that the Second Suit was barred by the doctrine of res judicata. The motion also asked the trial court to take judicial notice of the First Suit.

On May 27, 1999, the trial court entered an Order and Judgment sustaining Tenant's motion to dismiss the Second Suit. Landlord now appeals that judgment.

## DISCUSSION

In separate points relied on, Landlord argues on appeal that the trial court erred in dismissing the Second Suit on either of the two grounds asserted in Tenant's motion to dismiss.

When, as here, the trial court fails to specify its reasons for dismissing the petition, we presume the court acted for one or more of the grounds asserted in the motion to dismiss. *Bachman v. Bachman,* 997 S.W.2d 23, 26 (Mo.App. E.D.1999); *Terre Du Lac Assn. v. Terre Du Lac, Inc.,* 737 S.W.2d 206, 211 (Mo.App. E.D.1987). We will affirm the order of dismissal if any grounds asserted for dismissal are valid. *Terre Du Lac,* 737 S.W.2d at 211.

### I. *Jurisdiction*

 In the case at bar the trial court dismissed Landlord's petition without specifying whether the dismissal was with prejudice. We therefore must first determine our jurisdiction, *sua sponte. Shores v. Express Lending Services, Inc.,* 998 S.W.2d 122, 125 (Mo.App. E.D.1999). Although normally under Rule 67.03 an involuntary dismissal is deemed to be with-

---

1. All statutory references are to RSMo. Cum. Supp.1998 unless otherwise noted.

out prejudice unless the court specifies otherwise in its order of dismissal, a party can appeal from a dismissal without prejudice if the dismissal has the practical effect of terminating the action in the form cast. *Id.* A dismissal "without prejudice" for failure to state a claim effectively bars a plaintiff from refiling the action in its original form. *Bachman v. Bachman,* 997 S.W.2d at 25. Here, based on either of the two theories asserted in Tenant's motion to dismiss, both of which contend that Landlord has failed to state a claim upon which relief can be granted, the dismissal would have the practical effect of terminating Landlord's action. We therefore have jurisdiction to hear this appeal.

## II. *Standard of Review: Motion to Dismiss/Summary Judgment*

Although titled a "Motion To Dismiss," Tenant attached to its motion the Confession of Judgment in the First Suit. The motion also asked the court to take judicial notice of the pleadings and case file in the First Suit.[2] A determination as to the legal validity of the grounds asserted in Tenant's motion to dismiss necessarily depends on proof of the prior judgment. Res judicata is an affirmative defense that is not self-proving; evidence to support the defense must be adduced. *Rock House Farm, Inc. v. Ridgeway Lion's Club,* 894 S.W.2d 262, 265 (Mo.App. W.D.1995); *Ackley v. Ackley,* 257 S.W.2d 404, 407 (Mo.App. 1953).

Under Rule 55.27(a), when the judgment and pleadings from another case are presented to and not excluded by the court, a motion to dismiss on res judicata or related grounds should be treated as one for summary judgment. *Shores v. Express Lending Services, Inc.,* 998 S.W.2d at 125–126 (citing *King General Contractors, Inc. v. Reorganized Church,*

821 S.W.2d 495, 499 (Mo. banc 1991)). Generally, before a trial court may treat a motion to dismiss as one for summary judgment under this rule, it must first notify the parties that it is going to do so, and give the parties an opportunity to present all materials pertinent to a motion for summary judgment. *Shores v. Express Lending Services, Inc.,* 998 S.W.2d at 126. The record here fails to indicate that the trial court gave the parties such notice. In cases such as this one, however, where the asserted basis for the motion was res judicata and related arguments, the relevant material from the underlying case was before the trial court, an evidentiary hearing was held, and the parties have not suggested any other documents were necessary to decide the question, it is appropriate for us to treat the judgment as a summary judgment. *Id.* See also *Chaney v. Cooper,* 954 S.W.2d 510, 515 (Mo. App. W.D.1997).

In reviewing whether a grant of summary judgment was proper, we must view the record in the light most favorable to the party against whom the summary judgment was entered. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). That party is accorded the benefit of all reasonable inferences that may be drawn from the record. *Id.* Because the granting or denial of a motion for summary judgment is purely an issue of law, and because the trial court's decision is founded on the same record that we are to consider, we need not give the trial court's judgment any deference. *Id.* As such, our review of the trial court's judgment is essentially *de novo.*

## III. *Landlord's First Point On Appeal*

Tenant's motion asserted that the judgment in the First Suit had terminated the lease and the parties' obligations thereun-

---

2. When a motion to dismiss is predicated on res judicata, the trial court may take judicial notice of the prior judgment. *King General Contractors v. Reorganized Church,* 821 S.W.2d 495, 499 (Mo. banc 1991); *Missouri*

*Real Estate and Ins. Agency, Inc. v. St. Louis County,* 959 S.W.2d 847, 850 (Mo.App. E.D. 1997). The same would be true when the motion is characterized as a motion for summary judgment.

der. In its first point on appeal, Landlord argues the court erred in sustaining Tenant's motion on this ground because (1) no part of Chapter 535 provides that a rent and possession judgment automatically terminates a lease or a tenant's remaining obligations under the lease, (2) nothing in the record supports the argument that Landlord elected to terminate the lease, and (3) Tenant expressly agreed, pursuant to the terms of the lease, to remain liable for any additional rents or damages accruing after Landlord regained possession pursuant to legal proceedings. We agree.

### A.

■ The First Suit was a rent and possession action pursuant to Chapter 535 RSMo. As a matter of law, Landlord did not terminate the lease when it pursued the statutory remedy under Chapter 535. Nothing in Chapter 535 operates to terminate a lease, or to discharge a tenant from future obligations under the lease that may accrue subsequent to a rent and possession judgment, merely because such a judgment has been taken.

Tenant relies primarily on Section 535.170, which states, in pertinent part,

After the execution of any judgment for possession pursuant to this chapter, the lessee and the lessee's assignees, and all other persons deriving title under the lease from such lessee, shall be barred from reentry of such premises and from all relief, and except for error in the record or proceedings, the landlord shall from that day hold the demised premises discharged from the lease.

Contrary to Tenant's assertion, this section does not operate to automatically terminate the lease after judgment has been rendered in a rent and possession suit. Rather, it gives the landlord possession of the premises and discharges the *premises*

from the lease. Neither party to the lease is discharged from any remaining obligations it may have under the lease, pursuant Section 535.170.

■ Neither does the language of the Confession of Judgment in this case provide for the termination of the lease. Under Missouri law, "[a] tenant may surrender a lease, but the lease will not be terminated unless the landlord accepts the surrender." *Brywood Ltd. Partners v. H.T.G., Inc.*, 866 S.W.2d 903, 905–06 (Mo. App. W.D.1993). A tenant must prove that the landlord accepted the cancellation of a lease. *Id.* at 906. Here, the Second Suit indicates that Landlord did not.

■ The Confession of Judgment stated, in pertinent part, as follows:

Defendants hereby jointly and severally authorize entry of final judgment in the amount of $17,025 as full and complete payment of all rent and fees due Plaintiff pursuant to the terms of the lease and as prayed for in Plaintiff's petition … along with immediate restitution of the premises as prayed for in Plaintiff's petition.

Though Tenant argues that the parties had negotiated the Confession of Judgment to be in full satisfaction of the rent due under the lease,[3] there was no signed mutual release, and nothing in the record to support this assertion. Under the applicable standard of review, we construe all facts in favor of Landlord. *Mothershead v. Greenbriar Country Club, Inc.*, 994 S.W.2d 80, 83 (Mo.App. E.D.1999).

### B.

Tenant also argues that even if judgment in a rent and possession suit does not automatically terminate the subject lease, the trial court still could have properly found that Landlord's prosecution of the

---

3. We review this contention purely *ex gratia*. Nothing in the record supports that Tenant ever raised this argument with the trial court; and on appeal Tenant did not raise it in its brief, but rather only at oral argument. Gen-

erally, parties are estopped from raising issues on appeal that were not raised at the trial court level. *Walker v. Walker*, 954 S.W.2d 425, 428 (Mo.App. E.D.1997).

First Suit in this case had the effect of terminating the lease, because "no notice was provided to [Tenant] indicating otherwise."

Under Missouri law, upon a tenant's default, a landlord normally has three options: (1) the landlord can remain out of possession, treat the lease as subsisting and recover rent; (2) the landlord can give notice to the tenant, resume possession and attempt to mitigate the tenant's damages by re-letting the premises; or (3) the landlord can re-enter, resume possession in its own right and effectively terminate the lease. *Blue Ridge Center Limited Partnership v. Zadeh,* 943 S.W.2d 357, 358 (Mo.App. W.D.1997); *Brywood Limited Partners v. H.T.G., Inc.,* 866 S.W.2d 903, 906 (Mo.App.W.D.1993); *Windsor Real Estate & Mortgage Co. v. Ruma,* 674 S.W.2d 252, 255 (Mo.App. E.D. 1984). By electing the second option, a landlord is required to use reasonable efforts to mitigate damages. *Brywood,* 866 S.W.2d at 907. Under this second option, and provided the landlord uses such efforts, the tenant remains liable on the rents due for the remainder of the term, though the tenant is entitled to a potential credit if the landlord re-lets the premises to a new tenant. Even when there is such a re-letting, however, the prior defaulting tenant remains liable for any rent deficiency during the remainder of the lease term. *Windsor Real Estate,* 674 S.W.2d at 255–56.

Generally speaking, Tenant is correct in its assertion that a landlord is required to provide a defaulting tenant with notice, either by word or act, that the landlord is electing the second option—that is, that the landlord intends to resume possession of the premises in an effort to re-let the premises for the benefit of the tenant, without terminating the lease. See *Von Schleinitz v. North Hotel Co.,* 323 Mo. 1110, 23 S.W.2d 64, 75 (1929); *Blue Ridge Center,* 943 S.W.2d at 359; *Brywood,* 866 S.W.2d at 906. However, Tenant overlooks the fact that this notice requirement

is limited by two important principles of law, both of which apply in this case.

First, when a lease contains a clause specifically giving a landlord the right to re-enter the premises and re-let the property to mitigate tenant's damages in the event of tenant's default, such a clause constitutes a consent by the tenant to such re-entry, and prevents a landlord's action from constituting an acceptance of surrender of the lease. *Gruber v. Adler,* 600 S.W.2d 669, 672 (Mo.App. W.D.1980); *Windsor Real Estate,* 674 S.W.2d at 255. Similarly, it has been stated that when a lease contains such a clause, there arises a rebuttable presumption that the landlord's repossession pursuant to eviction proceedings was accomplished under the second option, even when the evicting landlord provided tenant with *no* notice as to which option it intended to pursue. *Hurwitz v. Kohm,* 594 S.W.2d 643, 646 (Mo.App. E.D. 1980). This principle is certainly applicable in the instant case:

Under Section 20.01(a) of the lease, upon Tenant's default, Landlord had the option to either "(i) terminate this lease (in which case the term of this lease shall automatically terminate on the giving of such notice) or (ii) terminate Tenant's right to possession of the Leased Premises without termination of this lease." Additionally, Section 20.01(d) of the lease provided, in pertinent part, that: "Upon . . . any termination of Tenant's right to possession without termination of this lease, Tenant shall immediately surrender possession of the leased Premises to [Landlord] and immediately vacate the same . . . *No re-entry or taking possession of the Leased Premises by [Landlord] shall be construed as an election on its part to terminate this lease unless a notice of such intention is given to Tenant (all other demands and notices of forfeiture or other similar notices being hereby expressly waived by Tenant)."* (emphasis added) Similarly, Section 20.02 of the lease, titled "Right to Re-let," contained an

express provision that Landlord's taking possession of the premises pursuant to legal proceedings shall not be construed as an election to terminate the lease, absent a specific notice of such intention given to the Tenant. The same section further provided that if Landlord did take possession of the premises from Tenant pursuant to legal proceedings, then Landlord had the right to attempt to re-let the premises, apply any rental payments from a new tenant toward Tenant's remaining obligations under the lease, and that Tenant would remain liable for any deficiency in future rent during the remainder of the lease term.

As discussed above, under Missouri law these lease provisions establish that Tenant consented to Landlord's right to re-enter and attempt to re-let the premises without terminating the lease. See *Gruber v. Adler*, supra. In light of such provisions, which *themselves* clearly put Tenant on notice that Landlord's re-entry would not terminate the lease unless Landlord specifically advised tenant otherwise, no further notice to Tenant was required, since such notice "would serve no purpose, and is therefore unnecessary." *Crow v. Kaupp*, 50 S.W.2d 995, 998 (Mo.1932).

▪ Second, it is well-settled in Missouri that the parties to a commercial lease may contractually agree to modify or eliminate certain notice provisions that would otherwise be required by either statute or common law. For example, in *Gordon v. Williams*, 986 S.W.2d 470 (Mo. App. E.D.1998), the commercial tenant in an unlawful detainer action contended that the landlord failed to serve it with a proper notice as required by both § 534.050

RSMo 1994 and common law. *Id.* at 473. Despite the landlord's non-compliance with these common law and statutory requirements, this Court held in *Gordon* that the tenant had waived any such notice requirement pursuant to the clear terms of a waiver provision in the lease agreement between the parties. *Id.* The same principle applies just as clearly in the case at bar. Here, the lease expressly provided, in pertinent part, that: "No re-entry or taking possession of the Leased Premises by Owner shall be construed as an election on its part to terminate this lease unless a notice of such intention is given to Tenant (*all other demands and notices of forfeiture or other similar notices being hereby expressly waived by Tenant*)." (emphasis added) Thus, even assuming for the sake of argument that *absent* such lease language Landlord might have failed to give Tenant sufficient notice in order to effectively invoke its right under "Option 2" to re-enter and attempt to re-let without terminating the lease, such an argument must fail where, as here, it is manifestly contrary to the contractual lease provisions expressly agreed to by the parties.

In short, there is no basis for concluding that Landlord's actions in prosecuting the First Suit in any manner constituted an election on its part to terminate the lease; and no material issue of fact exists as to that question. It is clear as a matter of law that Landlord sought only to terminate Tenant's right to possession without terminating the lease, and equally clear that the judgment in the First Suit did not operate to terminate the lease and extinguish Tenant's remaining obligations thereunder.[4] Thus, the trial court erred in

4. We are mindful of *St. Louis Billposting Co. v. Stanton*, 172 Mo.App. 40, 154 S.W. 821, 824 (1913), which suggests that in the absence of clear lease language to the contrary, eviction of a tenant pursuant to a rent and possession proceeding may relieve the tenant from responsibility for future rent for the remainder of the lease term. In view of the more modern case authorities discussed in this opinion, both *supra* and *infra*, we question the continued viability of the *Billposting* court's reasoning on that point. In any event *Billposting* is clearly distinguishable from the case at hand, since here there is lease language unmistakably evidencing an intent that in the event of Tenant's default and if the Landlord so elects, Tenant will remain liable for rent deficiencies accruing during the remainder of the lease term.

holding that Tenant was entitled to judgment on this issue. Point I is granted.

## IV. *Landlord's Second Point On Appeal*

Tenant's motion to dismiss also alleged that Landlord was barred from bringing the Second Suit by the doctrine of res judicata, since Landlord had filed a similar claim in the First Suit. In its second point on appeal, Landlord claims the trial court erred in sustaining Tenant's motion on this ground as well.

■■■■ In order for estoppel by a former judgment (res judicata) to apply, there must be four identities: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality of the person for or against whom the claim is made. *Homar Enterprises, Inc. v. Daake,* 957 S.W.2d 353, 357 (Mo.App. E.D.1997). "A former adjudication on the same cause of action between the same parties is conclusive in subsequent proceedings as to every issue of fact which was or might have been litigated in the first proceeding under what is called estoppel by judgment." *St. Bethel Missionary Baptist Church, Inc. v. St. Louis Builders, Inc.,* 388 S.W.2d 776, 779 (Mo. 1965) (citations omitted). But "where a second action is upon a claim, demand or cause of action different from a prior action, the judgment in the first action does not operate as an estoppel as to matters not litigated in the former action." *Terre Du Lac,* 737 S.W.2d at 212.

■■■ Res judicata is not applicable in this case, for under Missouri law a landlord is not barred by res judicata from seeking further unpaid rent after receiving a judgment for rent and possession. This is true for two fundamental reasons.

First, the availability of the special statutory remedy for rent and possession does not preclude a landlord from bringing successive suits against a defaulting tenant on one or more installments as they become due, because the principle of res judicata bars relitigation only of issues that actually were decided or could have been properly raised and decided in the previous suit. See *Terre Du Lac,* 737 S.W.2d at 212; *Hurwitz v. Kohm,* 594 S.W.2d at 645. Section 535.060 RSMo provides:

> Any demand of rent, or rent and possession, by a landlord or the landlord's agent shall be deemed good within the meaning of this or any other statute of this state, when made *at any time after the right to rent and possession accrues or the rent becomes due* according to the terms of the agreement, whether by written lease or otherwise. (emphasis added)

The plain language of this section only permits a landlord to bring an action against a tenant for rent that is already due. Thus, under Chapter 535 the Landlord could not have pursued future rent payments from Tenant in the First Suit, since Chapter 535 only applies to rent due at the time of judgment. See Section 535.040 RSMo.

■■■ Second, it is well-settled in Missouri that a party can bring successive claims on the same contract for damages that have not accrued as of the time of entry of judgment in the prior action. A subsequent suit constitutes a new and separate cause of action, which is not barred by res judicata, and does not violate the rule against splitting a single cause of action. See *Finley v. St. John's Mercy Medical Center,* 958 S.W.2d 593, 595 (Mo. App. E.D.1998); *Korte Construction Co. v. Deaconess Manor Assn.,* 927 S.W.2d 395, 404 (Mo.App. E.D.1996). This principle has been applied in landlord-tenant actions. See, for example, *Homar Enterprises, Inc. v. Daake,* 957 S.W.2d at 358, where it was held that "prior recovery of damages for breach of a continuing covenant will not bar a subsequent suit seeking damages for breach of the same covenant since the last recovery." See also *Hurwitz v. Kohm,* 594 S.W.2d at 645, in which this Court expressly held that a landlord is not barred by res judicata from bringing suc-

cessive suits against a defaulting tenant on one or more rent installments as they become due. Our decision in *Hurwitz* was followed in *In re Walker*, 190 B.R. 362, 364 (Bankr.E.D.Mo.1995), where, just as in the case at bar, the landlord and tenant entered into a consent judgment in landlord's initial rent and possession action. *Walker* held that landlord's second suit for additional rents due for the remaining term of the lease was not barred by res judicata. *Id.* at 365.

It is clear as a matter of law that Tenant was not entitled to judgment under the doctrine of res judicata; the trial court therefore erred in sustaining Tenant's motion and holding that Tenant was entitled to judgment on that basis. Point II is granted.

### CONCLUSION

For the aforementioned reasons, we find that the trial court erred in entering its judgment in favor of Tenant on Landlord's claim for past due rent under the lease between the parties. The judgment is reversed and the cause is remanded for the court to reinstate Landlord's petition and for further proceedings consistent with this opinion.[5]

CLIFFORD H. AHRENS, J. and LAWRENCE E. MOONEY, J., concur.

---

5. Landlord has filed a motion seeking an award of reasonable attorney's fees on appeal, together with a supporting affidavit and detailed itemization of services and expenses. Such an award is allowed by a contractual provision of the lease agreement between the parties. Although under these circumstances we are authorized to award attorney's fees and costs to a prevailing party on appeal, we exercise such authority only "with caution, believing that in most cases the trial court is better equipped to hear evidence and argument, if indicated." *Architectural Resources, Inc. v. Rakey*, 956 S.W.2d 420, 423–24 (Mo. App. S.D.1997). Such caution is especially appropriate here, where we are reversing and remanding for further proceedings on the Second Suit, the ultimate merits of which must still be determined by the trial court. See *Hills v. Greenfield Village Homes Assn., Inc.*, 956 S.W.2d 344, 350 (Mo.App. W.D. 1997). Accordingly, we remand the issue of attorney's fees and costs incurred from this appeal, which shall be taken up and addressed by the trial court at the time that it considers attorney's fees incurred in the Second Suit.