**Opinion issued February 6, 2014**



**In The**

**Court of Appeals**

**For The**

**First District of Texas**

_____

**NO. 01-13-00690-CV**

_____

**ROBERT LASSER, Appellant**

**V.**

**AMISTCO SEPARATION PRODUCTS, INC., Appellee**

---

**On Appeal from the 125th District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-39247**

---

**MEMORANDUM OPINION**

In this accelerated appeal, Robert Lasser seeks review of the trial court's

July 25, 2013 order, which grants Amistco Separation Products, Inc.'s request for a

temporary injunction. On appeal, Lasser raises three issues, including the

dispositive issue of whether the temporary-injunction order complies with the requirements of Rule of Civil Procedure 683. Because we hold it does not comply, we reverse the order and render judgment dissolving the temporary injunction.

## Background Summary

In 2002, ACS Industries, LP ("ACS") hired Robert Lasser to work in sales. When he was hired, Lasser signed an employment contract with ACS. The employment contract contained a confidentiality and non-solicitation agreement. Among its provisions, the agreement prohibited Lasser from copying or using for his personal benefit ACS's "confidential information," as defined in the employment contract. The confidentiality and non-solicitation agreement also forbade Lasser from "directly or indirectly, or by action in concert with others, engage in the solicitation of sales of competing goods to customers of ACS" for a period of two years from the contract's termination.

In 2011, ACS sold certain of its assets to Amistco Separation Products, Inc. ("AMACS"). The two companies entered into an asset purchase agreement on December 21, 2011. The agreement identified the assets AMACS purchased from ACS. One of assets identified was the employment contract signed by Lasser.

The asset purchase agreement also provided that certain employees, including Lasser, would remain ACS employees during a leasing period. At the

2

end of the leasing period, the ACS employee would become an AMACS employee.

Before the leasing period ended, ACS sent Lasser a letter stating, "This letter serves as notice of termination of your Employment Agreement effective as of March 1, 2012." AMACS sent Lasser a written offer of employment, effective March 1, 2012. Lasser remained an employee of AMACS, as a manager of the company's product sales, until his resignation on June 3, 2013. At that time, Lasser went to work for Woven Metal Products, Inc. ("Woven"). As AMACS would later testify, AMACS did not consider Woven to be a direct competitor but considered it to be a "sideline" competitor.

Following Lasser's resignation, AMACS conducted a forensic examination of Lasser's company laptop to determine if he had downloaded any of AMACS's confidential information before he resigned. Following that examination, AMACS filed suit against Lasser on July 2, 2013. AMACS alleged that its forensic examination revealed that Lasser had accessed and downloaded AMACS's confidential and proprietary information before his resignation. AMACS also alleged that it had learned that Lasser's new employer, Woven, was opening a new division that would directly compete with AMACS.

AMACS asserted that Lasser had breached the non-solicitation and confidentiality agreement contained in the ACS employment contract by taking

AMACS's confidential information and trade secrets to use in his new position with Woven. AMACS alleged that it had the right to enforce the employment contract because it had assumed the contract as part of the asset purchase from ACS. AMACS also asserted causes of action against Lasser for conversion, civil theft, and misappropriation of trade secrets. AMACS requested the trial court to issue a temporary and permanent injunction against Lasser ordering him to return its confidential and trade secret information, enjoining him from disclosing and using its information, and preventing Lasser from soliciting its customers.

Lasser denied AMACS's claims and responded to AMACS's request for temporary injunction. Lasser asserted that AMACS had no right to enforce the ACS employment agreement. Lasser argued that ACS's assignment of the contract to AMACS was not valid because Lasser had not assented to the assignment. Lasser also claimed that language in the employment contract prohibited assignment.

On July 25, 2013, the trial court conducted an evidentiary hearing on AMACS's request for a temporary injunction. At the hearing, AMACS offered the testimony of two corporate representatives and of the forensic documents examiner who had examined the company laptop used by Lasser. Lasser offered his own testimony in defense of the request for the temporary injunction.

4

At the conclusion of the hearing, the trial court granted AMACS's request for temporary-injunctive relief. The decretal provisions of the July 25, 2013 order read as follows:

> It is . . . ORDERED Defendant Robert Lasser desist and refrain from the following:
>
> a) [Lasser] is ordered to return to AMACS, and to cease and desist from using, any of AMACS's confidential information and trade secrets within 14 days or as otherwise agreed by counsel.
>
> b) [Lasser] is restrained from directly or indirectly disclosing, copying or otherwise reproducing, or giving others access to any of AMACS confidential information and trade secrets.
>
> c) [Lasser] is restrained from deleting any emails, texts, voice messages, instant messaging communications (to include without limitation, instant messages using Google Talk, AOL Instant Messenger, Yahoo Messenger, or any other instant messaging platform), or any other electronic files or communications from his personal or work computers, laptops, phones, electronic storage devices and/or any other electronic device, or from, damaging, selling or otherwise discarding his personal or work computers, laptops, phones, electronic storage devices and/or any other electronic device in [Lasser]'s possession.
>
> d) [Lasser] is restrained from directly or indirectly soliciting any of AMACS's customers.

The order sets trial on the merits for February 10, 2014.

Lasser now appeals the July 25, 2013 order, granting the temporary injunction.[1]  Lasser identifies three issues, asserting: (1) no employment contract exists between him and AMACS; (2) the trial court improperly prohibited Lasser from soliciting AMACS's customers when the Employment Contract was limited to the non-solicitation of ACS's customers; and (3) the temporary-injunction order does not comply with Rule of Civil Procedure 683.

**Compliance with Rule 683**

In his third issue, Lasser argues that the temporary injunction order should be reversed because it does not comply with Rule of Civil Procedure 683.  He asserts that the decretal portions of the order do not meet Rule 683's specificity requirement.  We address this issue first because it is dispositive of the appeal.

**A.    Legal Principles**

The sole issue presented to a trial court at a temporary-injunction hearing is whether the applicant may preserve the status quo pending trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978).  Whether to grant or deny a temporary injunction is within the trial court's sound discretion.  *Butnaru*, 84 S.W.3d at 204.  A trial court abuses its discretion only if it reaches a decision so arbitrary and unreasonable that

_____

[1]    A party may appeal from an interlocutory order of a district court that grants or denies a temporary injunction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (Vernon Supp. 2013).

6

it amounts to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *Intercontinental Terminals Co. v. Vopak N. Am., Inc.*, 354 S.W.3d 887, 892 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

The law requires that an injunctive order comply with Rule of Civil Procedure 683. *See* TEX. R. CIV. P. 683; *Interfirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986). The requirements of Rule 683 are mandatory and must be strictly followed. *See Interfirst Bank San Felipe*, 715 S.W.2d at 641; *see also Indep. Capital Mgmt., L.L.C. v. Collins*, 261 S.W.3d 792, 795 (Tex. App.—Dallas 2008, no pet.) ("A trial court abuses its discretion by issuing a temporary injunction order that does not comply with the requirements of rule 683.").

Rule 683 provides, "Every order granting an injunction . . . shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained." TEX. R. CIV. P. 683. The purpose of Rule 683's specificity requirement is to ensure that parties are adequately informed of the acts they are enjoined from doing and the reasons for the injunction. *Layton v. Ball*, 396 S.W.3d 747, 751 (Tex. App.—Tyler 2013, no pet.); *El Tacaso, Inc. v. Jireh Star*, *Inc.*, 356 S.W.3d 740, 744 (Tex. App.—Dallas 2011, no pet.). For this reason, "an injunction decree must be as definite, clear and precise as possible and

when practicable it should inform the defendant of the acts he is restrained from doing, without calling on him for inferences or conclusions about which persons might well differ and without leaving anything for further hearing." *Villalobos v. Holguin*, 208 S.W.2d 871, 875 (Tex. 1948); *see Webb v. Glenbrook Owners Ass'n*, 298 S.W.3d 374, 384 (Tex. App.—Dallas 2009, no pet.) ("The law demands clear and complete orders granting injunctions.").

This does not mean, however, that an injunction order must specifically enumerate every possible act that might constitute an unauthorized practice. *See San Antonio Bar Ass'n v. Guardian Abstract & Title Co.*, 291 S.W.2d 697, 702 (Tex. 1956). "A court order need not be 'full of superfluous terms and specifications adequate to counter any flight of fancy a contemnor may imagine in order to declare it vague.'" *Drew v. Unauthorized Practice of Law Comm.*, 970 S.W.2d 152, 156 (Tex. App.—Austin 1998, pet. denied) (quoting *Ex parte McManus*, 589 S.W.2d 790, 793 (Tex. Civ. App.—Dallas 1979, no writ)). Instead, "[t]he injunction must be in broad enough terms to prevent repetition of the evil sought to be stopped" even when the conduct takes a "somewhat different form calculated to circumvent the injunction as written." *Guardian Abstract & Title Co.*, 291 S.W.2d at 702.

Nonetheless, "[t]he injunction must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know

8

exactly what duties or obligations are imposed upon him." *Drew*, 970 S.W.2d at 156. We have recognized "the general rule that an injunctive decree should inform a defendant of the acts he is restrained from doing, without calling on him for inferences or conclusions about which persons might well differ and without leaving anything for further hearing." *Hellenic Inv., Inc. v. Kroger Co.*, 766 S.W.2d 861, 866 (Tex. App.—Houston [1st Dist.] 1989, no writ); *see Rubin v. Gilmore*, 561 S.W.2d 231, 235–36 (Tex. Civ. App.—Houston [1st Dist.] 1977, no writ); *see also Computek Computer & Office Supplies, Inc. v. Walton*, 156 S.W.3d 217, 220–21 (Tex. App.—Dallas 2005, no pet.) ("An injunction must be as definite, clear, and precise as possible and when practicable it should inform the defendant of the acts he is restrained from doing, without calling on him for inferences or conclusions about which persons might well differ.").

In addition, an injunctive order "should not be framed so broadly as to prohibit the enjoyment of lawful rights." *Hellenic Inv.*, 766 S.W.2d at 866. When "a party's acts are divisible, and some acts are permissible and some are not, an injunctive decree should not issue to restrain actions that are legal or about which there is no asserted complaint." *Id.* at 867.

The Supreme Court of Texas has made clear that a temporary injunction order that does not adhere to the requirements of Rule 683 is subject to being declared void and dissolved. *Qwest Commc'ns. Corp. v. AT & T Corp.*, 24 S.W.3d

9

334, 337 (Tex. 2000); *Interfirst Bank San Felipe*, 715 S.W.2d at 641; *see Conlin v. Haun*, No. 01–13–00329–CV, 2013 WL 6504756, at *4 (Tex. App.—Houston [1st Dist.] Dec. 12, 2013, no pet. h.) (holding that temporary injunction order not complying with Rule 683 was void and must be dissolved). Courts have held that provisions of injunctive orders that did not meet the specificity requirement were void. *See, e.g., In re Krueger*, No. 03–12–00838–CV, 2013 WL 2157765, at *9 (Tex. App.—Austin May 16, 2013, orig. proceeding) (mem. op.); *Ramirez v. Ignite Holdings, Ltd.*, No. 05–12–01024–CV, 2013 WL 4568365, at *3–4 (Tex. App.—Dallas Aug. 26, 2013, no pet.) (mem. op.); *Computek Computer & Office Supplies, Inc. v. Walton*, 156 S.W.3d 217, 222–23 (Tex. App.—Dallas 2005, no pet.); *Vaughn v. Drennon*, 202 S.W.3d 308, 317 (Tex. App.—Tyler 2006, no pet.).

## B.     Analysis

Parts (a) and (b) of the July 25, 2013 order required Lasser "to return to AMACS, and to cease and desist from using, any of AMACS's confidential information and trade secrets" and prohibited him "from directly or indirectly disclosing, copying or otherwise reproducing, or giving others access to any of AMACS confidential information and trade secrets. In his brief, Lasser asserts, "It is impossible for Lasser to determine from the injunction what documents or information constitutes AMACS's confidential information and instead has been

forced to guess what items if any the Court is seeking to be returned and not disclosed."

As Lasser implies, the order neither defines nor in any manner indicates from its context the meaning of the phrase "confidential information." Rule 683 requires that the injunction be as "definite, clear and precise as possible . . . without calling on [the enjoined party] for inferences or conclusions about which persons might well differ and without leaving anything for further hearing." *Villalobos*, 208 S.W.2d at 875. By failing to identify, define, explain, or otherwise describe what constitutes AMACS's confidential information and trade secrets, the order compels Lasser to make "inferences or conclusions about which persons might well differ" regarding what particular information or item in his possession constituted "confidential information" subject to the injunction. *See Ramirez*, 2013 WL 4568365, at *4; *Computek Computer*, 156 S.W.3d at 222–23. As a result, these provisions are not sufficiently clear to provide Lasser with adequate notice of what acts he is compelled to complete and what conduct he is restrained from performing. In other words, he is left to speculate what conduct might satisfy or violate the order. This is impermissible. *See Ramirez*, 2013 WL 4568365, at *4; *Computek Computer*, 156 S.W.3d at 222–23.

We conclude that Parts (a) and (b), enjoining Lasser's conduct with respect to any "confidential information," are not sufficiently detailed or specific to meet

11

Rule 683's requirement that the injunction "shall be specific in terms" and "shall describe in reasonable detail . . . the act or acts sought to be restrained." *See* TEX. R. CIV. P. 683. Thus, these provisions are void.[2] *See Intercontinental Terminals Co.*, 354 S.W.3d at 899; *Qwest,* 24 S.W.3d at 337.

As stated, part (c) of the July 25, 2103 order provides as follows:

> [Lasser] is restrained from deleting any emails, texts, voice messages, instant messaging communications (to include without limitation, instant messages using Google Talk, AOL Instant Messenger, Yahoo Messenger, or any other instant messaging platform), or any other electronic files or communications from his personal or work computers, laptops, phones, electronic storage devices and/or any other electronic device, or from, damaging, selling or otherwise discarding his personal or work computers, laptops, phones, electronic storage devices and/or any other electronic device in [Lasser]'s possession.

---

[2] In its response brief, AMACS asserts that it offered evidence at the temporary injunction hearing to show what comprises its "confidential information." AMACS cites the testimony of its CEO, who testified regarding what he considered to be AMACS's "confidential information." AMACS also points to Exhibit 7, offered through the forensic document examiner, identifying the computer files the examiner had determined were downloaded by Lasser from his company laptop. AMACS asserts this also evidences what comprises its "confidential information." As mentioned, Rule 683 requires the injunction order to contain a sufficiently specific description of the enjoined conduct. *See* TEX. R. CIV. P. 683. The rule does not provide that the description may be merely contained in the evidence. To the contrary, the rule makes clear that even a reference in the injunctive order to a document does not satisfy the specificity requirement. *See id.* In conjunction with its assertion, AMACS also invites us to modify the temporary injunction to include the definition of "confidential information" contained in the employment contract. The definition of confidential information found in the employment contract is not the same definition as provided in the testimony of AMACS's CEO cited by AMACS. Nor does the definition correspond with the items identified in Exhibit 7 also cited by AMACS to define "confidential information." On this record, we decline to modify parts (a) and (b) of the injunctive order.

12

On appeal, Lasser argues that this provision is overly broad because it "prohibits the deletion of any electronic file or message Lasser has any contact with without regard to whether he has a right to delete such files or if the file has anything to do with this case." Lasser correctly points out that an injunctive order "should not be framed so broadly as to prohibit the enjoyment of lawful rights." *Hellenic Inv.*, 766 S.W.2d at 866. And, as stated, when "a party's acts are divisible, and some acts are permissible and some are not, an injunctive decree should not issue to restrain actions that are legal or about which there is no asserted complaint." *Id.* at 867.

Here, part (c) of the temporary-injunction order enjoins activities Lasser has a legal right to perform, such as deleting electronic records and files unrelated to the subject of this lawsuit. We agree that such provision is impermissibly overbroad. *See Computek Computer*, 156 S.W.3d at 223 (holding that injunctive provision that prohibited deleting of all records and files was too broad); *Hitt v. Mabry*, 687 S.W.2d 791, 796 (Tex. App.—San Antonio 1985, no writ) (concluding injunction was too broad because it barred all school board members and employees from using telephone conferences or informal meetings to discuss public business when court of appeals limited acts enjoined to those of board members in arriving at decisions involving public business or policy affecting district). Because it is overly broad with regard to the acts restrained, part (c) of

13

the temporary injunction order does not comply with Rule 683's requirement that the injunction "shall be specific in terms" and "describe in reasonable detail . . . the act or acts sought to be restrained."[3] *See* TEX. R. CIV. P. 683; *Tex. Health & Human Servs. Comm'n v. Advocates for Patient Access, Inc.*, 399 S.W.3d 615, 628–29 (Tex. App.—Austin 2013, no pet.) (holding that overly broad provisions of temporary injunction order violated Rule 683 and thus should be vacated); *see also Legacy Home Health Agency, Inc. v. Apex Primary Care, Inc.*, No. 13–13–00087–CV, 2013 WL 5305238, at *7 (Tex. App.—Corpus Christi Sept. 19, 2013, no pet.) (citing Rule 683 and reversing temporary injunction order, holding injunctive provision was overly broad because it enjoined lawful activity).

Similarly, we conclude that part (d) of the temporary-injunction order also does not comport with Rule 683 because it is also overly broad. Part (d) restrains Lasser "from directly or indirectly soliciting any of AMACS's customers." This provision is apparently derived from the employment contract's non-solicitation agreement, which provides that an employee should not engage in the solicitation

---

[3] As recognized in *Ramirez v. Ignite Holdings, Ltd.*, "[l]itigants owe a duty to preserve evidence once they know or reasonably should know that a claim will be filed and that the evidence in their possession or control is potentially relevant to that claim." No. 05–12–01024–CV, 2013 WL 4568365, at *5 (Tex. App.—Dallas Aug. 26, 2013, no pet.) (mem. op.) (citing *Wal–Mart Stores, Inc. v. Johnson*, 106 S.W.3d 718, 722 (Tex. 2003); *Adobe Land Corp. v. Griffin, L.L.C.*, 236 S.W.3d 351, 357–58 (Tex. App.—Fort Worth 2007, pet. denied)). Thus, Lasser already owed AMACS a legal duty not to destroy any potentially relevant evidence by the time of the temporary-injunction hearing. *See id.*

14

of sales of *competing goods* to customers of ACS. However, as written, the temporary injunction enjoins Lasser from solicitation of any sales of AMACS's customers; it is not limited to the solicitation of sales of competing goods.

At the hearing, AMACS's corporate representative testified that Lasser's new employer, Woven, was not a direct competitor of AMACS. AMACS feared, however, that Lasser would take AMACS's trade secrets and confidential information and use it to compete with AMACS. In his testimony, Lasser stated that a number of AMACS's customers, particularly large petrochemical companies, were also Woven's customers to whom it sold its products. In other words, he explained that some of AMACS's customers were already established customers of Woven.

By failing to limit the injunctive language to the solicitation of the sale of competing goods, as stated in the non-solicitation agreement, the temporary-injunction order restrains Lasser from engaging in the lawful activity of selling non-competing goods to AMACS customers, which Lasser testified were already Woven's customers. Besides not being supported by the non-solicitation agreement, such restriction on a lawful activity is impermissibly broad and fails to comply with Rule 683's specificity requirement.[4] *See* TEX. R. CIV. P. 683;

---

[4] We have recognized that an appellate court *may* modify an overly broad injunction. *T–N–T Motorsports, Inc. v. Hennessey Motorsports, Inc.*, 965 S.W.2d 18, 25 (Tex. App.—Houston [1st Dist.] 1998, pet. dism'd). However, in this appeal, each and

15

*Hellenic Inv.*, 766 S.W.2d at 867 (reversing injunctive decree that impermissibly limited defendant's ability to operate lawful business enterprise); *Norton v. Integral Corp.*, 584 S.W.2d 932, 935 (Tex. Civ. App.—Austin 1979, no writ) (recognizing that an injunction is too broad if it prohibits former employee from engaging in business activities in which the employer is not engaged).

Like the other three decretal provisions in the July 25, 2013 order, part (d), as written, is void for non-compliance with Rule 683. *See Qwest*, 24 S.W.3d at 337; *Interfirst Bank San Felipe*, 715 S.W.2d at 641. We sustain Lasser's third issue.[5]

## Conclusion

We reverse the trial court's July 25, 2013 order and render judgment dissolving the void temporary injunction.[6] *See Qwest*, 24 S.W.3d at 337 (providing that temporary injunction not adhering to requirements of Rule 683 is

every decretal provision in the temporary-injunction order is subject to being dissolved or modified. Given the totality of the noncompliance, we decline to modify the order. Because this is an interlocutory appeal, the matter is still pending before the trial court and may be addressed there.

[5] Because we conclude the order granting the temporary injunction fails to meet the specificity requirements of Rule 683—and thus is void—we need not address the other appellate issues raised by Lasser. *See City of Navasota v. Nationstar Mortg., LLC*, No. 01–08–00915–CV, 2009 WL 103510, at *2 (Tex. App.—Houston [1st Dist.] Jan. 9, 2009, no pet.) (mem. op.).

[6] Our ruling on this appeal is rendered without prejudice to AMACS's right, in this or any other proceedings, to seek injunctive or other relief regarding its claims relating to Lasser's alleged misappropriation of trade secrets or confidential information or his alleged breach of the ACS employment contract.

16

subject to being declared void and dissolved); *Bruns v. Top Design Inc.*, No. 01–08–00070–CV, 2008 WL 4965365, at *2 (Tex. App.—Houston [1st Dist.] Nov. 20, 2008, no pet.) (mem. op.) (reversing order and dissolving void temporary injunction).

Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Sharp.