ADVANCED TRANSMISSIONS,
L.C., Respondent,

v.

William DUFF, et al., Appellants.

No. WD 56932.

Missouri Court of Appeals,
Western District.

Jan. 25, 2000.

Advanced Transmissions, L.C., Blue Springs, pro se.

William Duff, Blue Springs, pro se.

Before LAURA DENVIR STITH, P.J., HOWARD, J., and TURNAGE, Senior Judge.

VICTOR C. HOWARD, Judge.

William Duff and Mary Rempfer (appellants) appeal from a judgment entered in favor of Advanced Transmissions, L.C. (respondent). The issues raised on appeal are: (1) whether appellants were entitled to a jury trial, and (2) whether Leonard May (Mr. May) could properly appear in court without counsel and testify on behalf of respondent, Advanced Transmissions, L.C.

Because appellants did not waive their right to a jury trial in circuit court, we reverse and remand.

### Background

Although the record on appeal is sparse, it appears respondent repaired appellants' transmission in April of 1996. Appellants paid with a check that was subsequently returned to respondent as insufficient funds. Respondent sued appellants in small claims court to recover payment for the repairs. Appellants' request for a jury trial was denied, and the small claims court entered judgment for respondent in the amount of $750 plus costs. Appellants timely filed an application for a trial de

novo pursuant to § 482.365 RSMo 1994.[1] Prior to the start of the trial de novo, appellants' counsel again orally requested a jury trial and objected to Leonard May, a non-lawyer, appearing on behalf of Advanced Transmissions, L.C., without counsel. The circuit court overruled appellants' objections and did not grant the request for jury trial. The case was tried, and judgment was entered for respondent in the amount of $680.31 plus costs.

Appellants now claim they were unfairly denied a trial by jury and that Mr. May engaged in the wrongful practice of law without a license.

## Standard of Review

An appellate court must affirm the circuit court's judgment unless there is no substantial evidence to support the award, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. 1976).

▆▆ After judgment was entered against appellants in small claims court, they applied for and received a trial de novo pursuant to § 482.365. Under § 482.365 a trial de novo from a small claims judgment is treated as a new trial of the entire case. *State ex rel. Means v. Randall*, 764 S.W.2d 120, 123 (Mo.App. W.D.1988). The circuit court does not sit as an appellate court reviewing the small claims judgment for error, but rather, it treats the case as a matter originally brought before it. *Id.* Section 482.365 dictates that, "[t]he trial de novo shall be governed by the practice in trials before circuit judges, except that by agreement of

the parties the case may be tried by a jury of not less than six persons."

## I. Right to a Trial by Jury in Missouri Circuit Courts

In regard to appellants' asserted right to a jury trial, we look to § 510.190.1, which states that in a circuit court, "[t]he right of trial by jury as declared by the constitution or as given by a statute shall be preserved to the parties inviolate." *See also* Rule 69.01(a); Mo. Const. art. 1, § 22(a). Prior to the commencement of the trial de novo, appellants' attorney orally informed the court that appellants had not waived their right to a trial by jury and again requested a jury be impaneled. The request was not granted, the case proceeded to trial without a jury, and judgment was entered against appellants.[2]

▆▆ Section 510.190.1, as set forth above, defines the right to a jury trial as "inviolate." In other words, unless a specific statute says otherwise or the parties have waived their right, each party has a right to have his or her circuit court civil case heard by a jury. Section 510.190.2 sets forth the *exclusive* ways in which this right to a jury can be waived by a party.[3] *Meadowbrook Country Club v. Davis*, 421 S.W.2d 769, 773 (Mo. banc 1967). Unlike Federal Rule of Civil Procedure No. 38, § 510.190 does not require a demand for a jury but instead guarantees the right unless waived. *Meadowbrook*, 421 S.W.2d at 774. In this case, nothing in the record indicates appellants waived their right to a jury trial. Because there was no waiver, we find the trial court misapplied the law requiring a jury trial unless waived. *Mur-*

---

1. Unless otherwise noted, all statutory references are to RSMo 1994.

2. The transcript presented in the record on appeal sets forth only appellants' preliminary jury trial request and objection to Mr. May's appearance, Mr. May's response and the court's ruling against appellants on those issues. A final judgment was entered against appellants on December 7, 1998, in the circuit court.

3. This section reads: "Parties shall be deemed to have waived trial by jury: (1) By failing to appear at the trial; (2) By filing with the clerk written consent in person or by attorney; (3) By oral consent in court, entered on the minutes; (4) By entering into trial before the court without objection."

*phy*, 536 S.W.2d at 32. This court must reverse the judgment of the trial court entered against appellants and remand the case for a new trial.

### II. Respondent's Appearance in Court Without Counsel

At trial, appellant's counsel further objected to Mr. May not having an attorney present and to Mr. May's proposal to testify. Appellants alleged respondent was a corporation and therefore had to be represented by counsel.

The much abbreviated transcript filed on appeal does not reflect the manner in which Mr. May actually participated. It is also impossible to determine for sure whether Advanced Transmissions is a corporation or a partnership. In part of the transcript it is referred to as a corporation and in the legal file it is asserted that it is a partnership. The trial court will have to determine the form of the business and allow Mr. May's participation accordingly.

### Conclusion

The court improperly denied appellants' request for jury trial in their trial de novo. Thus, we reverse its judgment in favor of respondent and remand for a new trial.

LAURA DENVIR STITH, P.J., and TURNAGE, Senior Judge, concur.