

# In the Missouri Court of Appeals
## Eastern District

DIVISION TWO

| | | |
|---|---|---|
| ESTATE OF ZELMA M. TALLEY, | ) | No. ED100198 |
| Deceased, by her Personal Representative, | ) | |
| KENNETH F. PICKENS, | ) | |
| | ) | Appeal from the Circuit Court |
| Plaintiff/Appellant, | ) | of Warren County |
| | ) | |
| v. | ) | |
| | ) | Honorable Wesley C. Dalton |
| AMERICAN LEGION POST 122, | ) | |
| | ) | |
| Defendant/Respondent. | ) | Filed: May 20, 2014 |

## Introduction

The Estate of Zelma M. Talley (the Estate) appeals from the circuit court's judgment granting the motion to dismiss of American Legion Post 122 (the Post) and dismissing the Estate's claims against it. We reverse and remand.

## Factual and Procedural Background

On April 6, 2012, Personal Representative Kenneth F. Pickens filed for Letters of Administration for the Estate in the probate court of Warren County. On September 25, 2012, the Post filed a claim against the Estate alleging it was due $4,296.71 for the overpayment of commissions to Zelma M. Talley (Decedent) between January 2009 and November 2011 (Post's claim or probate case).

On October 22, 2012, the Estate filed a Petition for Damages against the Post in the circuit court (Estate's claim or civil case). The Estate's Petition alleged the Decedent

served as the Facility Manager for the Post under three separate agreements from July 2006 until her death in November 2011. The Estate alleged that Decedent worked under agreements (1) from July 2006 to March 31, 2007, whereby she was to be paid 20% of the first $25,000 in food and alcohol sales each month; (2) from March 31, 2007 until July 15, 2008, whereby she was to be paid 20% of sales in months having up to $25,000 in gross receipts, 18% of gross receipts in months having between $25,000 and $35,000 in gross receipts; and 15% in months exceeding $35,000 in gross receipts (March 2007 contract); and (3) from July 15, 2008 until November 2011, whereby she was to be paid a weekly salary of $250 plus 25% of the net income derived from food and liquor sales (July 2008 contract). The Estate alleged the Post owed Decedent $27,124.01 for 2006; $62,510.28 for 2007; $40,438.84 for 2008; $19,893.23 for 2009; $23,532.11 for 2010 and $11,916.95 for 2011, for a total of $185,415.42.[1]

On January 7, 2013, the Estate filed a Motion to Transfer in the probate court seeking to transfer the Post's claim to the circuit court for consolidation with its civil case. On January 8, 2013, the probate court denied the motion.

On January 28, 2013, the Estate filed a Motion to Transfer in the circuit court seeking to transfer its civil case to the probate court for a joint trial with the Post's claim. On February 7, 2013, the circuit court granted the motion.

On February 13, 2013, the probate court entered a consent memorandum setting both matters for trial "at the same time" on March 21, 2013, and ordering any further motions to be heard on March 6, 2013.

---

[1] The Estate conceded the Post paid Decedent the amounts due under the July 2008 contract until March 2009.

On February 15, 2013, the Estate filed a Jury Demand on its civil claim with the probate court. On February 28, 2013, the Post filed a Motion to Separate Trials in both the circuit court and the probate court asserting its claim should not be heard at the same time as the jury trial on the Estate's claim.

On March 6, 2013, the probate court certified the civil case back to the circuit court, where it was scheduled for a trial setting on April 11, 2013, and denied the Motion to Separate Trials as mooted.

On March 11, 2013, the Estate filed a Counterclaim and Jury Demand on the Post's probate case. On March 15, 2013, the Estate filed a Petition for Writ of Prohibition seeking an order prohibiting the probate court from separating the trials and setting the Post's probate case for a bench trial before the jury trial in the civil case. The writ was denied the same day. On March 18, 2013, the Post filed Suggestions in Opposition to the Estate's Jury Demand in the Post's probate case.

On March 21, 2013, the Post's case was called for trial in the probate court. At the start of the proceeding, the Estate brought to the court's attention its pre-trial motions, including its motion for leave to file a counterclaim and its motion for a jury trial. The court denied the motions without explanation, the Post's claim proceeded to a bench trial, and the cause was taken under submission.

On April 1, 2013, the probate court entered its Judgment denying the Post's claim against the Estate for overpayment. In its Judgment, the court noted the trial was on the claim made by the Post against the Estate and that in order to make a finding on the Post's claim, the Court had to determine whether there were valid contracts between the parties, the payment provisions of the alleged contracts, and whether the Post had met its

3

burden of proof that an overpayment was made on the contracts. The court found the March 2007 and July 2008 contracts were valid and the Post failed to meet its burden of proving overpayment under the terms of either contract.

On April 11, 2013, the civil case was set for a jury trial on July 15, 2013. On April 24, 2013, the Post filed an Amended Motion to Dismiss Petition for Damages asserting the circuit court should dismiss the Estate's Petition pursuant to Rule 55.27(a)[2] based on (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) plaintiff's lack of legal capacity to sue; (4) insufficiency of process; (5) insufficiency of service of process; and (6) because there was another action pending between the same parties for the same cause in this State and it has been tried.

On June 6, 2013, the Post's Amended Motion was called for hearing. At that time, the Post filed Suggestions in Support of Amended Motion arguing the Petition should be dismissed because the Estate's claims were filed outside the statute of limitations and res judicata applied by virtue of the bench trial in the probate case. The Post attached a copy of the probate court's Judgment to its Suggestions in Support.

On June 10, 2013, the circuit court entered a Judgment of Dismissal granting the Post's Amended Motion to Dismiss. In the Judgment of Dismissal, the court indicated it took notice of the file in the probate case in making its determination. This appeal follows.

### Standard of Review

Although the Post filed a motion to dismiss, it asserted a claim of res judicata and attached the judgment entered in the probate case to its suggestions in support of the motion. "Under Rule 55.27(a), when the judgment and pleadings from another case are

---

[2] All rule references are to Mo. R. Civ. P. 2013.

4

presented to and not excluded by the trial court, a motion to dismiss on res judicata should be treated as one for summary judgment." Lauber-Clayton, LLC v. Novus Properties, Co., 407 S.W.3d 612, 617 n. 5 (Mo. App. E.D. 2013). Here, the circuit court indicated it took notice of the probate file and judgment in rendering its determination; thus, the circuit court treated the motion as one for summary judgment.

We review the circuit court's grant of summary judgment essentially *de novo*. ITT Comm. Fin. Corp. v. Mid-Am. Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993). We will uphold summary judgment on appeal only where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Id. The record is viewed in the light most favorable to the party against whom judgment was entered. Citibrook II, L.L.C. v. Morgan's Foods of Missouri, Inc., 239 S.W.3d 631, 634 (Mo. App. E.D. 2007).

## Discussion

On appeal, the Estate argues the circuit court erred in granting the Post's Amended Motion to Dismiss on the basis of res judicata, the statute of limitations, or any other basis raised in the motion. The Estate also argues the dismissal of its claim based on res judicata effectively denied its right to a jury trial.

## Res Judicata

"Res judicata operates as a bar to the reassertion of a cause of action that has been previously adjudicated in a proceeding between the same parties or those in privity with them." Lauber-Clayton, LLC, 407 S.W.3d at 618. "For res judicata to adhere, 'four identities' must occur: (1) identity of the things sued for; (2) identity of the cause of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or

5

status of the person for or against whom the claim is made." Id. Res judicata bars any claim previously litigated and any claim that should have been brought in a prior suit. Id. But "where a second action is upon a claim, demand or cause of action different from a prior action, the judgment in the first action does not operate as an estoppel as to matters not litigated in the former action." WEA Crestwood Plaza, L.L.C. v. Flamers Charburgers, Inc., 24 S.W.3d 1, 9 (Mo. App. E.D. 2000).

Here, the Post's claim of overpayment of commissions against the Estate was for the period between January 2009 and November 2011 while the Estate's Petition sought recovery for unpaid wages and commissions from July 2006 through November 2011. While the causes may share some overlapping facts, there is not an identity of issues as the Estate was seeking damages under a different theory of recovery under additional agreements over a longer period of time.

Furthermore, a review of the record indicates the Estate's claims were not litigated in the probate proceeding. Although the causes had been scheduled to be jointly tried in the probate court, the probate court subsequently separated them and sent the Estate's claims to be tried by a jury in the circuit court. Ten days before the bench trial of the Post's claim, the Estate filed a counterclaim to the Post's claim in the probate court. However, on the morning of trial, the probate court denied the Estate leave to file the counterclaim. During closing argument before the probate court, the Estate asserted the Post's claim had not been sustained by the evidence and the Estate's only request of the court was to deny the Post's claim. While the Estate presented evidence at the probate court bench trial that could be supportive of its own claim, this evidence was relevant to the Estate's defense of the Post's claim and there is no indication that the Estate was

6

intending to or was *able to* litigate its claims against the Post in the bench trial. Finally, it is clear from the face of the probate court's judgment that it only addressed the Post's claims of overpayment and not the Estate's claims.

Statute of Limitations

The Post argues the circuit court properly granted its Amended Motion to Dismiss because the Estate's claims which do not temporally overlap the Post's claim are barred by the statute of limitations.

All actions upon contracts are subject to a five-year statute of limitations. Section 516.120(1).[3] The statute of limitations is an affirmative defense. Rule 55.08; Community Title Co. v. U.S. Title Guar. Co., Inc., 965 S.W.2d 245, 250 (Mo. App. E.D. 1998). Rule 55.08 requires a party to set forth all affirmative defenses, including the statute of limitations, in its responsive pleadings. Rule 55.08; Storage Masters-Chesterfield, L.L.C. v. City of Chesterfield, 27 S.W.3d 862, 865 (Mo. App. E.D. 2000). "If the statute of limitations is not pled, it is waived." Storage Masters-Chesterfield, 27 S.W.3d at 865. Rule 55.27 provides that "[e]very defense ... to a claim in any pleading ... shall be asserted in the responsive pleading," except that certain defenses may be raised by motion. A motion to dismiss may raise the issue that a claim is barred by the statute of limitations where the petition shows upon its face that the action is barred. Reed v. Rope, 817 S.W.2d 503, 507 (Mo. App. W.D. 1991). "If the statute of limitations is raised as an affirmative defense, the trial court may not dismiss the petition unless it is clearly established, on the petition's face and without exception, that the cause of action is barred." Community Title Co., 965 S.W.2d at 250.

---

[3] All statutory references are to RSMo 2012.

7

Here, the Post did not file an answer to the Estate's Petition but instead filed two motions to dismiss. The Post did not raise the statute of limitations in the Amended Motion to Dismiss but later raised the issue for the first time in its Suggestions in Support filed on the day of the hearing. As such, the Post did not properly plead the statute of limitations as an affirmative defense and, thus, has failed to preserve the issue for appeal.

Even if it could be said that the Post did properly plead the defense, the Post did not clearly establish that on the face of the Estate's petition and without exception the cause of action was time-barred. The Estate's Petition was filed on October 22, 2012, and sought recovery for acts between July 2006 and November 2011. On the face of the petition, the Estate's claims between October 22, 2007 and November 2011 were not time-barred and the Estate's Petition should not have been dismissed on this basis.[4]

<u>Remaining Boilerplate Bases for Dismissal</u>

In the amended motion, the Post included five additional bases for dismissing the Estate's Petition, including (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) the personal representative's lack of legal capacity to sue; (4) insufficiency of process; and (5) insufficiency of service of process. These were presented as bullet point boilerplate reasons for dismissal, with no supportive analysis set forth in the motion or suggestions in support. On appeal, the Post failed to provide a response to the Estate's arguments that none of these theories could support the circuit court's judgment of dismissal. Upon our review of the record, we find no merit to any of these as a basis for dismissing the Estate's petition.

<u>Jury Trial</u>

---

[4] Whether some exception would toll the application of the statute of limitations to the Estate's claims before October 22, 2007 is not properly before this Court.

The right to a trial by jury is constitutionally guaranteed and "shall be preserved to the parties inviolate." Malan Realty Investors, Inc. v. Harris, 953 S.W.2d 624, 625 (Mo. banc 1997), citing Mo. Const. art. I, section 22(a); Section 510.190.1 and Rule 69.01(a). Because the right is inviolate, "unless a specific statute says otherwise or the parties have waived their right, each party has a right to have his or her circuit court civil case heard by a jury." Adv. Transmissions, L.C. v. Duff, 9 S.W.3d 743, 744 (Mo. App. W.D. 2000). "Section 510.190 does not require a demand for a jury but instead guarantees the right unless waived." Id.

A party can waive its right to a jury by (1) failing to appear at the trial; (2) filing with the clerk written consent in person or by attorney; (3) oral consent in court, entered on the minutes; (4) entering into trial before the court without objection. Section 510.190.2; Rule 69.01(b). "A trial court may not deny a party its right to a jury trial absent a waiver of that right by the party." Midland Prop. Partners, LLC v. Watkins, 416 S.W.3d 805, 811 (Mo. App. W.D. 2013). "Thus, a trial court commits reversible error if it denies a party its right to a jury trial in a civil case that is otherwise triable by jury." Id.

Contrary to the Post's assertion, nothing in the record indicates that the Estate waived its right to a jury trial and, in fact, the record demonstrates that the Estate repeatedly demanded that its claim be heard by a jury. First, the Estate requested a jury trial on its civil claim. Then, after the causes were separated and the Post's claim proceeded in the probate court, the Estate sought a jury trial via a jury demand in the probate court, which was summarily denied. The Estate also filed a Petition for Writ of Prohibition seeking an order prohibiting the probate division from separating the trials

9

and setting the probate claim for a bench trial before the jury trial in the civil case. The writ was denied the same day.

Ideally, the Estate's case should have proceeded to a jury trial first and the probate court should have tailored its determination consistent with the factual findings made by the jury. See State ex rel. Leonardi v. Sherry, 137 S.W.3d 462, 473 (Mo. banc 2004) (analyzing mixed cases of law and equity, holding that "[u]nless circumstances clearly demand otherwise, trials should be conducted to allow claims at law to be tried to a jury, with the court reserving for its own determination only equitable claims and defenses, which it should decide consistently with the factual findings made by the jury"). Based on the foregoing, we find the Estate was denied its right to a jury trial.

## Conclusion

Only the Post's claims were heard and decided by the probate court; therefore, the Estate's claims are not barred by res judicata and the Estate is free to litigate its claims against the Post before a jury on remand.

The circuit court's Judgment of Dismissal is reversed and the cause is remanded for proceedings consistent with this opinion.

Sherri B. Sullivan, J.

Lawrence E. Mooney, P.J., and
Robert G. Dowd, Jr., J., concur.