

# Missouri Court of Appeals

## Southern District

### Division Two

STATE OF MISSOURI ex rel. )
B.D. VAN STAVERN a/k/a ROBERT D. )
VAN STAVERN, AND MARY E. VAN )
STAVERN, AND THE TOWERS AT )
PARKVIEW BAY, L.L.C., )
     )
    Relators, )
     )
vs. )     No. SD34373
     )
THE HONORABLE BRUCE E. COLYER, )     **Filed: August 17, 2016**
JUDGE, DIVISION 26, CIRCUIT COURT )
OF CAMDEN COUNTY, MISSOURI, )
     )
    Respondent. )

ORIGINAL PROCEEDING IN PROHIBITION

**PRELIMINARY WRIT MADE PERMANENT**

Relators brought a petition for a Writ of Prohibition after their request for a jury trial on certain claims against them for money damages was denied. The court ordered Counts I and II of claims brought by CRE Venture 2011-1, LLC, against Relators to be "court tried."[1] The right to a trial by jury is constitutionally guaranteed and "shall be preserved to the parties inviolate." MO. CONST. art. I, section 22(a); Section 510.190.1;

---

[1] The case is Camden County Case No. 14CM-CC00163.

1

Rule 69.01(a).[2]  "Because the right is inviolate, unless a specific statute says otherwise or the parties have waived their right, each party has a right to have his or her circuit court civil case heard by a jury." *Estate of Talley v. American Legion Post 122*, 431 S.W.3d 544, 549 (Mo.App. E.D. 2014) (internal quotations and citation omitted).

There is no dispute between the parties that the claims brought against Relators would be eligible for trial by a jury absent a waiver by Relators.  Respondent claims that Relators executed documents which contained a waiver to the right to a trial by a jury; however, Relators have claimed at all times that they did not execute the documents at issue at all.  Because Relators claim that they have not executed these documents at issue, Relators are entitled to have their claims resolved in a jury trial.  It is clear that it will be a jury question, a credibility question, and not a question for the court, whether Relators entered into a contract with CRE Venture 2011-1, LLC.

Respondent acknowledged that Relators denied executing the documents but stated, "[t]his court in making the above findings notes that Defendants Van Stavern deny they signed the documents containing the waiver of jury trial.  Solely for the purpose of deciding the issue of waiver of jury trial and for no other purpose, this court finds they executed said documents.  This finding does not in any way prevent them from denying they executed said documents at trial."  The problem with Respondent's reasoning is that should the trial court find during a court-tried trial that Relators did not execute the agreement, then Relators would have been wrongly denied a jury trial on the issues.[3]  To

---

[2] All references to statutes are to RSMo 2000, and all rule references are to Missouri Court Rules (2016), unless otherwise specified.

[3] Relators cite to cases allowing waivers of jury trials to be enforced.  In all of those cases, there was no issue whether both parties had executed a written contract.  The issue in those cases was whether there was a knowing and voluntary relinquishment of the right to a jury trial.  This is not the issue in the present case.

2

reiterate, Relators are entitled to have a jury determine whether or not they executed the documents at issue.  Our Preliminary Writ of Prohibition is hereby made permanent; Respondent is prohibited from enforcing its order to try Counts I and II by the court.


Nancy Steffen Rahmeyer, J. - Opinion Author

Gary W. Lynch, P.J. - Concurs

William W. Francis, Jr., J. - Concurs