

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DIVISION

| | | |
|---|---|---|
| **LEE BROWN,** | ) | |
| | ) | |
| Appellant, | ) | **WD86651** |
| **v.** | ) | |
| | ) | **OPINION FILED:** |
| | ) | **October 1, 2024** |
| | ) | |
| **MICHAEL D. TRENT,** | ) | |
| | ) | |
| Respondent. | ) | |

### Appeal from the Circuit Court of Jackson County, Missouri
### The Honorable J. Dale Youngs, Judge

### Before Division Two: W. Douglas Thomson, Presiding Judge,
### Karen King Mitchell and Janet Sutton, Judges

Lee Brown appeals from the circuit court's judgment finding against him on his claim against Michael Trent, which arose via Brown's application for trial *de novo* from a small claims court judgment against Brown. Brown raises three points of error by the circuit court: (I) in entering judgment for Trent when Trent had filed no counterclaim in small claims court; (II) in denying Brown's request for a jury trial; and (III) in denying Brown's motion for replevin. We need not reach Points I and III, as we reverse and remand on Point II because Brown was entitled to a jury trial in the circuit court.

## Background

Brown filed a small claims petition in January 2023, claiming that he had paid Trent to store his vehicle and for transmission work and other repairs on the car but that the car remained inoperable. Brown did not specify the exact amount of money damages claimed nor did his petition ask for return of the car. No other pleadings or motions appear in the small claims docket. On March 20, 2023, the small claims court heard evidence from both parties and entered judgment in Trent's favor for $443.58 as "the remaining cost to repair [Brown's] vehicle."[1]

Brown then filed his application for trial *de novo*, which stated simply, "I apply for a Trial De Novo from the judgment rendered by the court not more than 10 days ago. The petition alleged a claim of $400." In response, Trent filed a document entitled "Answer and Counterclaim," which did not denominate a counterclaim as such but contained an affirmative defense for "willful breach of contract."

On July 13, 2023, Brown filed a "Motion for Jury Trial," which the circuit court denied the same day, citing § 482.365.2 and noting Trent's objection. Also on July 13, 2023, Brown filed a "Motion for Replevin," claiming that Trent had illegally retained possession of Brown's car; the court summarily denied that motion for replevin in its final judgment. On September 8, 2023, Brown filed written "Objections to Bench Trial," again requesting a jury trial.

---

[1] No transcript of those proceedings was included in the record before this court.

The circuit court proceeded with a bench trial on September 8, 2023, at which both parties appeared and presented evidence. By order dated September 18, 2023, the court entered judgment "in favor of defendant and against plaintiff on plaintiff's claims herein." Brown timely appealed that judgment to this court.

## Analysis

Brown appeals from the circuit court's judgment finding against him on his claims against Trent, which arose via Brown's application for trial *de novo* from the judgment against Brown in the small claims proceeding. Brown raises three points of error by the circuit court: (1) in entering judgment for Trent when Trent had filed no counterclaim in small claims court; (2) in denying Brown's request for a jury trial; and (3) in denying Brown's motion for replevin. We need not reach Points I and III, as we reverse and remand on Point II because Brown was entitled to a jury trial in the circuit court.

## Standard of Review

"We review *de novo* questions of law decided in court-tried cases." *Rhea v. Sapp*, 463 S.W.3d 370, 375 (Mo. App. W.D. 2015). For questions of fact, we review the evidence "in the light most favorable to the judgment." *Wallace v. Ferreira*, 830 S.W.2d 571, 573 (Mo. App. W.D. 1992). If no specific factual findings are made in the judgment, the findings "shall be considered as having been found in accordance with the result reached." Mo. Sup. Ct. R. 73.01(c).[2] We will affirm the judgment in a bench-tried case "unless there is no substantial evidence to support it, unless it is against the weight

---

[2] All Rule references are to the Rules of the Missouri Supreme Court (2023).

3

of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

**The court erred in denying Brown's motion for jury trial.**

By order of July 13, 2023, the court denied Brown's motion for jury trial, noting Trent's objection to the motion and citing § 482.365.2, which provides, "The trial de novo shall be governed by the practice in trials before circuit judges, except that by agreement of the parties the case may be tried by a jury of not less than six persons."[3] It appears that the circuit court believed that § 482.365.2 required a bench trial because Trent did not agree to Brown's jury trial request. But that is not how this court has interpreted the right to jury trials in *de novo* cases before the circuit court.

In trials in the circuit court, "a jury trial is guaranteed absent a waiver through one of the methods prescribed by section 510.190.2." *Holm v. Wells Fargo Mortg., Inc.*, 514 S.W.3d 590, 600 (Mo. banc 2017) (finding no requirement that parties "affirmatively request a jury trial to preserve their constitutional right," unlike the procedure in federal court). Section 510.190 provides these "exclusive" means of waiver:

(1) By failing to appear at the trial;
(2) By filing with the clerk written consent in person or by attorney;
(3) By oral consent in court, entered on the minutes;

---

[3] Section 482.365.2's provision for a jury of "not less than six persons" in trials *de novo*, by agreement, is an exception to the general requirement of 12-member juries unless the parties agree to "not less than eight." *See* § 494.490 ("In all trials of civil actions before a circuit judge, or an associate circuit judge sitting as a circuit judge, a jury shall consist of twelve persons selected pursuant to sections 494.400 to 494.505, unless all parties agree on a lesser number, but not less than eight . . . ."). All statutory references are to the Revised Statutes of Missouri, Supp. 2022.

(4) By entering into trial before the court without objection.

§ 510.190.2(1)-(4). This case is controlled by our decision in *Advanced Transmissions, L.C. v. Duff*, 9 S.W.3d 743, 744 (Mo. App. W.D. 2000) (Absent waiver, a party aggrieved by a final judgment in a small claims proceeding who seeks a trial *de novo* has a right to a jury trial in the circuit court). In *Advanced Transmissions*, we reviewed the language of § 482.365.2 finding that the controlling language, as concerns the right to jury trial, was its requirement that trials *de novo* "be governed by the practice in trials before circuit courts." *Advanced Transmissions*, 9 S.W.3d at 744. And a trial *de novo* is not an appeal; "[u]nder § 482.365 a trial de novo from a small claims judgment is treated as a new trial of the entire case." *Id.* Therefore, according to the practice in circuit court, Brown was entitled to a jury trial unless he waived it. The record shows no evidence of waiver. And, although Brown was not required to request a jury trial, he did so in July 2023 and he also filed a specific objection the day of trial, thus he did not enter into "trial before the court without objection" or otherwise waive the right under § 510.190.2. We found in *Advanced Transmissions* that a court misapplies the law if it denies the right to jury trial to a party who has not waived that right. *Advanced Transmissions*, 9 S.W.3d at 744. Because Brown did not waive his right to a jury trial, Point II is sustained.

5

## Conclusion

We reverse the circuit court's judgment and remand for a jury trial in accordance with this opinion.

                           _____

                           Karen King Mitchell, Judge

W. Douglas Thomson, Presiding Judge, and Janet Sutton, Judge, concur.